Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:       jbrookner@grayreed.com
           akaufman@grayreed.com
           acarson@grayreed.com

**PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § | Case No. 21-30721 (SGJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

## DEBTORS' EMERGENCY MOTION FOR
## ENTRY OF AN ORDER (I) AUTHORIZING REJECTION OF
## CERTAIN LEASES AND (II) AUTHORIZING THE ABANDONMENT
## OF CERTAIN PROPERTY, AND (III) GRANTING RELATED RELIEF

> **LANDLORDS RECEIVING THIS OMNIBUS LEASE REJECTION MOTION SHOULD LOCATE THEIR NAMES AND LEASES IN THE SCHEDULE OF LEASES ATTACHED HERETO AS <u>EXHIBIT 1</u> TO <u>EXHIBIT A</u>.**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (a) authorizing the rejection of certain of their prepetition unexpired leases of nonresidential real property (collectively, the "<u>Leases</u>") set forth on <u>Exhibit 1</u> to the Order, (b) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property, and (c) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Northern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>").

## Background

5.      Prior to the COVID-19 pandemic, the Debtors were a significant operator of buffet-style restaurants in the United States with approximately 90 stores operating in 27 states.  The Debtors' concepts include six buffet restaurant chains and a full service steakhouse, operating under the names Furr's Fresh Buffet®, Old Country Buffet®, Country Buffet®, HomeTown® Buffet, Ryan's®, Fire Mountain®, and Tahoe Joe's Famous Steakhouse®, respectively.  Much

like its competitors in the all-you-can-eat (AYCE) and dine-in restaurant businesses, the Debtors'
recent history has been impacted by the uncertainty, unexpected challenges, and ever changing
landscape resulting from the COVID 19 pandemic. A more detailed history of the Debtors'
operations are discussed in the *Declaration of Mark Shapiro, Chief Restructuring Officer, in
Support of Chapter 11 Petition and First Day Motion* (the "First Day Declaration"), filed
contemporaneously herewith and incorporated herein.[2]

6.　　On April 20, 2021 (the "Petition Date"), each of the Debtors filed a voluntary
petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their
businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a)
and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or
examiner in these chapter 11 cases and no official committees have been appointed.

**The Debtors' Unexpired Leases**

7.　　As of the Petition Date, the Debtors are party to Leases corresponding to 71
restaurant locations. Before the commencements of these cases, the Debtors ceased operations in
57 such locations and surrendered possession of the premises to the applicable landlords
(collectively, the "Landlords"). Correspondingly, the Debtors have determined in a good-faith
exercise of their business judgment to reject the Leases listed on Exhibit 1 to the Order, to the
extent such Leases are unexpired leases as that term is used in section 365 of the Bankruptcy Code.

8.　　The Debtors have determined in their business judgment that the costs of the Leases
exceed any marginal benefits that could potentially be achieved from assignments of such

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day
Declaration.

4831-2612-9108

assignments or subleases of such Leases.  As of the Petition Date, none of the restaurants located on the premises of such Leases were operating.

9.      Absent approval of the rejection of the Leases listed on Exhibit 1 to the Order, the combined rent for all 71 Leases would be approximately $1.2 million per month.  If the Court approves the rejection of the Lease listed on Exhibit 1 to the Order, postpetition rent would total approximately $268,643.67, resulting in a savings for the estates of approximately $1 million per month.  Even if the closed restaurant locations could be reopened immediately, the Debtors believe that the short-term costs of maintaining the Leases would outweigh any potential long-term benefits from operating the restaurants therein.

10.     Before the Petition Date, the Debtors notified each affected Landlord in writing of their unequivocal and irrevocable decision to surrender the premises and property and turn over keys, key codes, and securities codes, if any, to each affected Landlord so that the Landlords could attempt to mitigate any rejection damages arising from the rejection of the applicable Lease.  To the extent such notifications were not sufficiently clear, this Motion shall serve as further notice to reiterate the Debtors' immediate surrender of the premises, effective as of the Petition Date.

11.     Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of their sound business judgment, the Debtors have determined that rejecting the Leases, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and their creditors.

12.     The Debtors do not believe there is any valuable property remaining on the premises for the Leases sought to be rejected by this motion. The majority of the property to be abandoned constitutes used kitchen equipment, such as ovens and mixers, and used furniture that was not transferred to other locations following the store closures. To the extent that any property

is located at the premises, the Debtors have determined that the property is of inconsequential value to the estate, or that the cost of removing and storing such property outweighed any potential benefit of retaining such property. Accordingly, to reduce postpetition administrative costs and, in the exercise of their sound business judgment, the Debtors believe that the abandonment of the property that may be located at each of the premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

<u>Basis for Relief</u>

**A.      The Rejection of the Leases is in the Best Interest of the Debtors' Estates.**

13.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval. 11 U.S.C. § 365(a). Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment." *See, e.g.*, *In re Senior Care Centers, LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard."); *In re TM Vill., Ltd.*, No. 18-32770, WL 1004571, at *10 (Bankr. N.D. Tex. 2019) ("A debtor must "satisfy [his] fiduciary duty to ... creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business.") (citation omitted); *In re TransAmerican Nat'l Gas Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (stating that "[i]t is well established that 'the question whether a lease should be rejected . . . is one of business judgment'") (citation omitted).

14.      The Debtors have determined, in their sound business judgment, that rejection of the Leases set forth on <u>Exhibit 1</u> to the Order is crucial to maximizing the value of their estates. The Debtors have carefully reviewed the revenues generated and expenses incurred at the Leases

and determined, in their business judgment, that the Leases would require a greater expense than they would garner in revenue. In the sound exercise of their business judgment, the Debtors have determined that the rejection of the Leases is in the best interests of their estates and creditors.

**B.      Retroactive Effective Relief May Be Sought Where Appropriate.**

15.      Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively. However, courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing of the equities" standard. *See, e.g.*, *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. Nov. 7, 2016) (approving procedures to reject or assume executory contracts and unexpired leases); *In re Sherwin Alumina Co., LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Aug. 24, 2016) (same); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 of the Bankruptcy Code does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

16.      Here, the balance of equities favors rejection of the Leases effective as of the Petition Date. Without such relief, the Debtors would potentially incur unnecessary administrative

expenses related to the Leases. *See* 11 U.S.C. § 365(d)(3). The Landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. Possession of the premises was delivered to each respective Landlord on, or prior to, the Petition Date with an unequivocal and irrevocable statement of surrender and abandonment of the premises to such Landlord. Further, by this Motion, the Landlords are receiving notice of the Debtors' intention to reject the Leases and tender immediate possession of the applicable premises. In the event the Debtors are unable to turn over possession of a particular premises on or before the Petition Date, as anticipated, the effective date of the rejection of such Leases shall be no earlier than the date the Debtors turn over the premises.

17. The Debtors will cause notice of this Motion to be served on the affected Landlords, thereby allowing each party sufficient opportunity to respond accordingly. The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases and do not seek to reject the Leases effective as of the Petition Date due to any undue delay on their own part. Accordingly, the Debtors respectfully submit that the Court deem the Leases identified on Exhibit 1 to the Order rejected effective as of the Petition Date.

**C.  Abandonment of Personal Property is in the Best Interest of the Debtors' Estates.**

18. Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Any property to be abandoned at the premises of certain Leases would be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling such abandoned property would outweigh any recovery the Debtors could attain for such property. Accordingly, the abandonment of such property is in the best interests of the Debtors, their estates, and their creditors and parties in interest will have sufficient notice of such abandonment.

4831-2612-9108

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

19.    The Debtors request that the Court enter an order providing that notice of the relief

requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to

exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h)

**Reservation of Rights**

20.    Nothing contained herein or any actions taken pursuant to such relief requested is

intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of

any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy

law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any

grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any

particular claim is of a type specified or defined in this motion or any order granting the relief

requested by this motion or a finding that any particular claim is an administrative expense claim

or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code, other than as specifically

provided herein; (f) an admission as to the validity, priority, enforceability, or perfection of any

lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver

or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or

any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common

law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion

are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity,

or perfection or seek avoidance of all such liens.  If the Court grants the requested relief, any

payment made pursuant to the Court's order is not intended and should not be construed as an

admission as to the validity of any particular claim or a waiver of the Debtors' or any other party

in interest's rights to subsequently dispute such claim.

## **Notice**

21.     The Debtors will provide notice of this motion to the following parties or their counsel:  (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Arizona Bank & Trust; (d) counsel to the proposed DIP Lender; (e) the United States Attorney's Office for the Northern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Landlords; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

## **No Prior Request**

22.     No prior request for the relief requested herein has been made to this Court or any other court.


[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, rejecting all Leases listed in Exhibit 1 to such order, effective as of the Petition Date, and granting such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 20th day of April, 2021.

**GRAY REED**

By: _/s/ Jason S. Brookner_
      Jason S. Brookner
      Texas Bar No. 24033684
      Aaron M. Kaufman
      Texas Bar No. 24060067
      Amber M. Carson
      Texas Bar No. 24075610
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:       jbrookner@grayreed.com
            akaufman@grayreed.com
            acarson@grayreed.com

**PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION**

**CERTIFICATE OF SERVICE**

I certify that on April 20, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

_/s/_Jason Brookner
Jason Brookner

4831-2612-9108

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § | Case No. 21-30721 (SGJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |
| | § | **Re: Docket No. _** |

**ORDER (I) AUTHORIZING THE REJECTION OF**
**CERTAIN LEASES, (II) AUTHORIZING THE ABANDONMENT**
**OF CERTAIN PROPERTY, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the rejection of

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4831-2612-9108

certain Leases set forth on **Exhibit 1** hereto, (b) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property, and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     The Leases set forth on **Exhibit 1** hereto are rejected effective as of the later of (i) the Petition Date, and (ii) the date the Debtors relinquish control of the applicable leased premises by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises and (a) have turned over the store keys, key codes, or security codes, if any, to the Landlord or (b) have notified the Landlord in writing that the store keys, key codes, or security codes, if any, are not available and that the Landlord may re-key the leased premises, including by service of this Order.

3.      The Debtors are authorized to abandon property, if any, that may be located at the premises and all such property is deemed abandoned, effective as of the Petition Date.  The applicable counterparty to each Lease may effectuate its rights and remedies with respect to such property.  The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

4.      Nothing in this Order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number ("PII") of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.  The Debtors shall remove or cause to be removed any PII in any of the Debtors' hardware, software, computers or cash registers or similar equipment which are to be abandoned pursuant to the Motion (if any) so as to render the PII unreadable or undecipherable.

5.      Approval of this Order will not prevent the Debtors from seeking to assume or reject an executory contract and/or unexpired lease by separate motion or pursuant to a chapter 11 plan.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      The Debtors' reserve the right to assert that any provisions in any executory contract or unexpired lease that expressly or effectively restrict, prohibit, condition, or limit the assignment or effectiveness of the Contract or Lease are unenforceable anti-assignment or *ipso facto* clauses.

4831-2612-9108

8.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an executory contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular executory contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

9.      Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Approved Budget, the Court's *Interim Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief*, and any final order entered by the Court in connection therewith.

10.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property

4

4831-2612-9108

of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.    The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

<u>Submitted by</u>:

Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:      (214) 954-4135
Facsimile:      (214) 953-1332
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com
                acarson@grayreed.com

**PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION**

6

**Exhibit 1**

**Rejected Leases**

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|-------|---------|------|-------|-----|---------------|----------|------------------------|
| 2118 | 2305 SHORTER AVE SW | ROME | GA | 30165 | Fire Mountain Restaurants, LLC | COLE BU PORTFOLIO II, LLC | VEREIT<br>2325 E. Camelback Road, 9th Floor<br>Phoenix, AZ 85016<br>Carrie Davis<br>cdavis@vereit.com |
| 2357 | 243 STEVEN B TANGER BLVD | COMMERCE | GA | 30529 | Fire Mountain Restaurants, LLC | COLE BU PORTFOLIO II, LLC | VEREIT<br>2325 E. Camelback Road, 9th Floor<br>Phoenix, AZ 85016<br>Carrie Davis<br>cdavis@vereit.com |
| 2370 | 1000 BREVARD RD | ASHEVILLE | NC | 28806 | Fire Mountain Restaurants, LLC | COLE BU PORTFOLIO II, LLC | VEREIT<br>2325 E. Camelback Road, 9th Floor<br>Phoenix, AZ 85016<br>Carrie Davis<br>cdavis@vereit.com |
| 2138 | 1314 N MAIN STREET | SUMMERVILLE | SC | 29483 | Fire Mountain Restaurants, LLC | LOUIS J DIMUZIO | Louis J. DiMuzio<br>196 Cantering Hills Lane<br>Summerville, SC 29483<br>ldimuzio@dixon-hughes.com |
| 2262 | 3607 HWY 17 S | NORTH MYRTLE BEACH | SC | 29582 | Fire Mountain Restaurants, LLC | PAT DESANTIS | P.O. Box 3377<br>Fresno, CA 93650<br>Pat DeSantis<br>desantispat@hotmail.com |
| 2419 | 2330 MEMORIAL DRIVE | WAYCROSS | GA | 31501 | Fire Mountain Restaurants, LLC | REALTY INCOME CORPORATION | 11995 El Camino Real<br>San Diego, CA 92130 |
| 2185 | 4051 RYAN STREET | LAKE CHARLES | LA | 70605 | Fire Mountain Restaurants, LLC | SPIRIT REALTY CAPITAL, INC. | 2727 North Harwood St., #300<br>Dallas, TX 75201<br>Hunter Faught<br>hfaught@spiritrealty.com |
| 2261 | 1920 MEL BROWNING STREET | BOWLING GREEN | KY | 42104 | Fire Mountain Restaurants, LLC | SPIRIT REALTY CAPITAL, INC. | 2727 North Harwood St., #300<br>Dallas, TX 75201<br>Hunter Faught<br>hfaught@spiritrealty.com |
| 2406 | 232 FRONTAGE ROAD | PICAYUNE | MS | 39466 | Fire Mountain Restaurants, LLC | SPIRIT REALTY CAPITAL, INC. | 2727 North Harwood St., #300<br>Dallas, TX 75201<br>Hunter Faught<br>hfaught@spiritrealty.com |

4831-2612-9108

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 234 | 6465 Samuell Blvd. | Dallas | TX | 75228 | Fresh Acquisitions, LLC | ICA Properties | ICA Properties, Inc<br>Callie Norris - Sales Manager<br>ICA Properties, Inc.<br>700 N. Grant Suite #600<br>Odessa, TX 79761<br>cnorris@nwol.net<br>Tom Glasman - Vice President<br>Email: tomg@nwol.net<br>Judy Spenser - Property Manager<br>Email: jspenser@nwol.net |
| 102 | 4101 East 42nd Street | Odessa | TX | 79762 | Fresh Acquisitions, LLC | MCM Properties, LTD | MCM Properties, Ltd.<br>Music City Mall<br>4101 E. 42nd Street<br>Odessa, TX 79762<br>Roy Allen, President<br>Michelle Davis, Leasing<br>Email: mdavis@musiccitymall.net |
| 302 | 1300 Mockingbird Lane | Sulphur Springs | TX | 78245 | Fresh Acquisitions, LLC | Michael Trammel | Michael & SandraTrammell<br>10230 Pinetree Dr.<br>San Diego, CA 92131<br>Email: tropicalrac@hotmail.com |
| 204 | 901 W Expressway | McAllen | TX | 78501 | Fresh Acquisitions, LLC | National Retail Properties | National Retail Properties, LP<br>450 South Orange Ave. #900<br>Orlando, FL 32801<br>Ninibet Balladin<br>Email: ninibet.balladin@nnnreit.com<br>Sr. Lease Compliance Admin. |
| 311 | 1201 S. Interstate Drive | Moore | OK | 73160 | Fresh Acquisitions, LLC | National Retail Properties | National Retail Properties, LP<br>450 South Orange Ave. #900<br>Orlando, FL 32801<br>Ninibet Balladin<br>Email: ninibet.balladin@nnnreit.com<br>Sr. Lease Compliance Admin. |
| 312 | 5707 Rogers Avenue | Fort Smith | AR | 72903 | Fresh Acquisitions, LLC | Rogers Avenue Properties, LLC | Rogers Avenue Properties, LLC<br>109 North 6th Street<br>Fort Smith, AR 72901<br>Bennie B. Westphal<br>479-783-0028 Fax<br>Becky Helms<br>Wayne Phillips Ext 206 |

4831-2612-9108

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|-------|---------|------|-------|-----|---------------|----------|------------------------|
| 115 | 2004 Wyoming NE | Albuquerque | NM | 87112 | Fresh Acquisitions, LLC | WFC Wyoming NM, LLC | WFC Wyoming NM, LLC c/o Westwood Financial Corp. 1801 Westwood Financial Corp. Pasadena, CA 91199-1615 John Golston Email: jgolston@westfin.com |
| 713 | 3744 N BLACKSTONE AVE | FRESNO | CA | 93726 | Hometown Buffet, Inc. | 5561 SULTANA, LLC | 5561 Sultana, LLC - Manchester North 18321 Ventura Blvd. Suite 980 Tarzana, CA 91356 Fax: (310) 591-8755 |
| 811 | 2513 MAIN STREET | UNION GAP | WA | 98903 | Hometown Buffet, Inc. | ARCDBPPROP001 | VEREIT 2325 E. Camelback Road, 9th Floor Phoenix, AZ 85016 Debbie Hester - Vice President - Asset Management Dhester@VEREIT.com |
| 753 | 127 WEST VALLEY BOULEVARD | RIALTO | CA | 92376 | Hometown Buffet, Inc. | ARCDPPPROP001 | VEREIT 2325 E. Camelback Road, 9th Floor Phoenix, AZ 85016 Debbie Hester - Vice President - Asset Management Dhester@VEREIT.com |
| 785 | 1431 SOUTH BRADLEY ROAD | SANTA MARIA | CA | 93454 | Hometown Buffet, Inc. | ARCDPPPROP001 | VEREIT 2325 E. Camelback Road, 9th Floor Phoenix, AZ 85016 Debbie Hester - Vice President - Asset Management Dhester@VEREIT.com |
| 767 | 6257 ATLANTIC AVENUE | BELL | CA | 90201 | Hometown Buffet, Inc. | BELL PALM PLAZA L.P. | Charles Dunn Real Estate Services, Inc. 800 West 6th Street, Suite 600 Los Angeles, CA 90017 F (213) 683-1551 Yperez@charlesdunn.com |
| 711 | 3790 SW HALL BOULEVARD | BEAVERTON | OR | 97005 | Hometown Buffet, Inc. | BIGGI DEVELOPMENT PARTNERSHIP | Jaime McGraw, Property Manager Biggi Partnerships PO Box 1698 Beaverton, OR 97075 Email jaimemcgraw@stevebiggi.com Phone (503) 646-2030 | Fax (503) 526-0539 | Mobile (503) 887-5336 |

4831-2612-9108

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|-------|---------|------|-------|-----|---------------|----------|------------------------|
| 745 | 24990 REDLANDS BOULEVARD | LOMA LINDA | CA | 92354 | Hometown Buffet, Inc. | BLUE BANNER COMPANY. INC. | P.O. Box 226<br>Riverside, CA 92502<br>Blue Banner Company, Inc.<br>2601 Third street<br>Riverside, Ca. 92502 |
| 746 | 3000 GATEWAY STREET | SPRINGFIELD | OR | 97477 | Hometown Buffet, Inc. | BRFI GATEWAY LLC | Sara K. Pollard<br>Assistant Property Manager<br>Jones Lang LaSalle Americas, Inc.<br>3000 Gateway Street<br>Springfield, OR 97477<br>Email: Sara.Pollard@am.jll.com |
| 704 | 9635 Chapman Ave. | GARDEN GROVE | CA | 92841 | Hometown Buffet, Inc. | HGGA PROMENADE, L.P | Mary A. Fouladi<br>Property Manager<br>HUGHES INVESTMENTS<br>23 Corporate Plaza, Suite 245<br>Newport Beach, CA 92660 |
| 707 | 1025 WEST ROBINHOOD DRIVE | STOCKTON | CA | 95207 | Hometown Buffet, Inc. | HPC Stonecreek Investors, LP | Kathryn Hystad<br>Regional Property Manager<br>HIGHPOINT CAPITAL GROUP, LLC<br>18321 Ventura Boulevard, Suite 980<br>Tarzana, CA 91356<br>Email: Kathryn.H@hp-cap.com |
| 813 | 6821 W CANAL DR | KENNEWICK | WA | 99336 | Hometown Buffet, Inc. | JBP PROEPRTIES LLC | 6721 LAKE WASHINGTON BLVD NE #10<br>Kirkland, WA 98033<br>Michael R. Jones - Managing Partner<br>Jonesco@msn.com |
| 743 | 1318 NORTH AZUSA AVENUE | COVINA | CA | 91722 | Hometown Buffet, Inc. | KIR COVINA, L.P. | KIMCO REALTY CORPORATION<br>23 Mauchly, Suite 100-104<br>Irvine, CA 92618<br>Ranfie Ancelovici<br>rancelovici@kimcorealty.com<br>15 Southgate Avenue, Suite 201<br>Daly City, CA 94015 |
| 765 | 875-877 NORTH WILCOX AVENUE | MONTEBELLO | CA | 90640 | Hometown Buffet, Inc. | LUCKY MONTEBELLO SHOPPING CENTER | Alan Tun, CPA<br>Real Estate Consultant<br>Lisa Lau & Company, Inc.<br>217 E. Garvey Ave.<br>Monterey Park, CA 91755<br>alan.tun@lisalauco.com |

4

4831-2612-9108

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 796 | 4700 CANDLEWOOD ST | LAKEWOOD | CA | 90712 | Hometown Buffet, Inc. | MACERICH LAKEWOOD LP | Macerich<br>401 Wilshire Blvd. Suite 700<br>Santa Monica, CA 90401<br>Darlene David - VP, Senior Real Estate Counsel |
| 705 | 651 PALOMAR STREET | CHULA VISTA | CA | 91911 | Hometown Buffet, Inc. | SC PALOMAR RETAIL CENTER AND EC PALOMAR RETAIL CENTER, LLC | SC PALOMAR RETAIL CENTER AND EC PALOMAR RETAIL CENTER, LLC<br>Attn: Brian Crepeau - Sales & Leasing / VP of Management<br>10721 Treena St., Suite 200,<br>San Diego, CA 92131<br>Email: Brian@pacificoastcommercial.com |
| 747 | 1804 SOUTH MOONEY BOULEVARD | VISALIA | CA | 93277 | Hometown Buffet, Inc. | VISALIA PROPERTY PARTNERSHIP | Richard W. Labowe, Esq.<br>1631 W. Beverly Blvd.<br>Second Floor<br>Los Angeles, CA 90026<br>fax (213) 975-1145<br>richardwlabowe@gmail.com |
| 806 | 1008 EAST 17TH STREET | SANTA ANA | CA | 92701 | Hometown Buffet, Inc. | WILLIAM H. GRIFFITH, TRUSTEE | FIDUCIARY SERVICES LIMITED<br>5120 Campus Drive, Suite 100<br>Newport Beach, California 92660<br>nramirez@kjc-fasi.com<br>Kenneth J. Cummins |
| 794 | 1325 NEW CHURCHMANS ROAD | NEWARK | DE | 19713 | OCB Restaurant Company, LLC | ARCDBPPROP001 | VEREIT<br>2325 E. Camelback Road, 9th Floor<br>Phoenix, AZ 85016<br>Tonia Jones<br>tjones@vereit.com |
| 256 | 1850 W EMPIRE AVE | BURBANK | CA | 91504 | OCB Restaurant Company, LLC | ARCDPPPROP001 | ARCDPPPROP001<br>VEREIT<br>2325 E. Camelback Road, 9th Floor<br>Phoenix, AZ<br>Tonia Jones<br>tjones@vereit.com<br>Debbie Hester - Vice President - Asset Management<br>Dhester@VEREIT.com |
| 138 | 4401 TRANSIT RD | BUFFALO | NY | 14221 | OCB Restaurant Company, LLC | BENCHMARK-CLARENCE ASSOCIATES, LLC | Michelle P. Hager<br>Tenant Operations Assistant<br>4053 Maple Rd, Suite 200<br>Amherst, NY 14226<br>F: 716-833-2954 |

5

4831-2612-9108

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 237 | 821 COUNTY ROUTE 64 | ELMIRA | NY | 14903 | OCB Restaurant Company, LLC | Big Flats Consumer Square | G&I IX Empire Big Flats LLC<br>P.O. Box 5122<br>White Plains, NY 10602-5122<br><br>BROOKE STEVENS<br>SENIOR LEASING REPRESENTATIVE<br>DLC MANAGEMENT CORP.<br>565 TAXTER ROAD, 4th Floor<br>ELMSFORD, NY 10523<br>E bstevens@dlcmgmt.com |
| 73 | 6560 WEST FULLERTON AVENUE | CHICAGO | IL | 60707 | OCB Restaurant Company, LLC | BRICKTOWN SQUARE LLC | Amy Cobb<br>Property Manager<br>BONNIE Management Corporation<br>8430 W. Bryn Mawr, Suite 850<br>Chicago, IL 60631-3448<br>Fax: 708.851.0809<br>Email: amy@bonniemgmt.com |
| 298 | 1665 COUNTRYSIDE DR | TURLOCK | CA | 95380 | OCB Restaurant Company, LLC | COUNTRYSIDE PLAZA | Joseph Vieira<br>227 N. Santa Cruz Ave., Suite B<br>Los Gatos, CA 95030<br>joe@vieiraco.com |
| 251 | 10445 INDIANAPOLIS BOULEVARD | HIGHLAND | IN | 46322 | OCB Restaurant Company, LLC | DDRM HIGHLAND GROVE, LLC | SITE CENTERS<br>3300 Enterprise Pkwy<br>Beachwood, OH 44122 |
| 337 | 3520 W CARSON ST | TORRANCE | CA | 90503 | OCB Restaurant Company, LLC | DEL AMO FASHION CENTER OPERATING CO, LLC | SIMON PROPERTY GROUP<br>Attn: Legal/Real Estate<br>225 West Washington Street<br>Indianapolis, IN 46204 |
| 340 | 1315 GATEWAY BLVD | FAIRFIELD | CA | 94533 | OCB Restaurant Company, LLC | FAIRFIELD GATEWAY, LP | Courtney Jones<br>Principal<br>Crosspoint Realty Services, Inc. (10/2020)<br>20211 Patio Drive, Suite 145<br>Castro Valley, CA 94546 |
| 16 | 4902 SOUTH 74TH STREET | GREENFIELD | WI | 53220 | OCB Restaurant Company, LLC | GREENFIELD, L.P. | Bonnie Management Corp.<br>8430 W. Bryn Mawr Ave., Suite 850<br>Chicago, Illinois 60631-3448 |
| 299 | 2900 DEERFIELD DR | JANESVILLE | WI | 53546 | OCB Restaurant Company, LLC | INLAND COMMERCIAL PROPERTY MANAGEMENT INC. | 814 Commerce Drive, Suite 300<br>Oak Brook, IL 60523<br>Kevin Forrest<br>Regional Property Manager<br>KForrest@PineTree.com |

4831-2612-9108

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 234 | 5083 JONESTOWN ROAD | HARRISBURG | PA | 17112 | OCB Restaurant Company, LLC | KIMCO OF PENNSYLVANIA TRUST | Jennifer L Gordon<br>Tenant Sales Coordinator<br>1954 Greenspring Drive, Suite 330<br>Timonium, MD 21093<br>Jgordon@kimcorealty.com |
| 309 | 636 LANCASTER DRIVE NE | SALEM | OR | 97301 | OCB Restaurant Company, LLC | LANCASTER CENTER EAST, LLC | 7200 NE 41st Street, Suite #100<br>Vancouver, OR 98662<br>Mark Conklin<br>Corporate Controller<br>North Pacific Management<br>CoHo Services<br>7200 NE 41st Street, Suite #100<br>Vancouver, WA 98662 |
| 259 | 6625 EAST SOUTHERN AVENUE | MESA | AZ | 85206 | OCB Restaurant Company, LLC | NED ME AND CONNIE G | TRUSTEE OF NED M AND CONNIE G<br>Michael A Jones<br>1850 N. Central Avenue, Suite 1150<br>mjones@allenbarneslaw.com<br>Phoenix, AZ 85004 |
| 297 | 7868 VAN NUYS BOULEVARD | VAN NUYS | CA | 91402 | OCB Restaurant Company, LLC | NF PLANT ASSOCIATES, LLC | Tim Kushner \| Director, Commercial Division<br>Decron Properties Corp.<br>6222 Wilshire Boulevard, Suite 400<br>Los Angeles, CA 90048 |
| 306 | 10542-A SE WASHINGTON ST | PORTLAND | OR | 97216 | OCB Restaurant Company, LLC | PLAZA 205 GARP, LLC | GERRITY GROUP, LLC<br>973 Lomas Santa Fe, Suite A<br>Solana Beach, CA 92075<br>Deborah Java \| Assistant Property Manager<br>Gerrity Group<br>973 Lomas Santa Fe Drive<br>Solana Beach, CA 92075 |
| 2483 | 2151 GALLATIN PIKE NORTH | MADISON | TN | 37115 | OCB Restaurant Company, LLC | RB RIVERGATE LLC | c/o RD MANAGEMENT LLC<br>810 7th Avenue<br>New York, NY 10019 |
| 149 | 9620 METRO PKWY W | PHOENIX | AZ | 85051 | OCB Restaurant Company, LLC | REALM PENNANT RETAIL PARTNERS LLC | NOTICE ADDRESS:<br>REALM PENNANT RETAIL PARTNERS, LLC<br>320 S. Cedros Avenue, Suite 400<br>Solana Beach, CA 92075<br>Gordon Keig - Principal<br>Pennant Development, LLC<br>gordon@pennantdevelopment.com |

4831-2612-9108

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 305 | 5815 LAKEWOOD TOWNE CENTER BLVD SW | TACOMA | WA | 98499 | OCB Restaurant Company, LLC | RPAI US MANAGEMENT LLC | 2021 Spring Road, Suite 200 Oak Brook, IL 60523 Krystal Peltzer Property Management RPAI US Management LLC 5731 Main Street SW Lakewood, WA 98499 peltzer@rpai.com |
| 269 | 3617 W SHAW AVENUE | FRESNO | CA | 93711 | OCB Restaurant Company, LLC | SHAW MARKETPLACE PAK, LLC | MANCO ABBOTT, INC. 1398 W. Herndon Ave., Suite 105 Fresno, CA 93711 Nora Kutnerian norak@mancoabbott.com |
| 339 | 704 SOUTHLAND MALL | HAYWARD | CA | 94545 | OCB Restaurant Company, LLC | SOUTHLAND MALL LP | Brookfield Properties Chicago Office 350 N Orleans St. Suite 300, Chicago, IL 60654 pan.liu@brookfieldpropertiesretail.com |
| 263 | 930 DENNERY RD | SAN DIEGO | CA | 92154 | OCB Restaurant Company, LLC | YAM AND SUE LEE LIVING TRUST | 4043 Mark Terrace San Diego, CA 92117 yamlee224@hotmail.com |
| 2436 | 4615 BROADWAY ST | MOUNT VERNON | IL | 62864 | Ryan's Restaurant Group, LLC | REALTY INCOME ILLINOIS PROPERTIES 4, LLC | 11995 El Camino Real San Diego, CA 92130 |
| 830 | 3801 PELANDALE AVE BUILDING D | MODESTO | CA | 95356 | Tahoe Joe's, Inc. | CFT NorthPointe, LLC | CFT NorthPointe, LLC 1767 Germano Way Pleasanton, CA 94566 Tiana C. Jenkins Chief Operating Officer CFT Properties |

4831-2612-9108