Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:    jbrookner@grayreed.com
          akaufman@grayreed.com
          acarson@grayreed.com

**PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § § | Case No. 21-30721 (SGJ) |
| Debtors. | § § § | (Joint Administration Requested) |

**ATTORNEY CHECKLIST CONCERNING MOTIONS AND
ORDERS PERTAINING TO USE OF CASH COLLATERAL AND
POST-PETITION FINANCING (WHICH ARE IN EXCESS OF TEN (10) PAGES)**

Motions and orders pertaining to cash collateral and post-petition financing matters tend to be lengthy and complicated. Although the Court intends to read such motions and orders carefully,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

1

4852-4029-8470

it will assist the Court if counsel will complete and file this checklist. All references are to the Bankruptcy Code (§) or Rules (R).

PLEASE NOTE:

- "*"   Means generally not favored by Bankruptcy Courts in this District.
- "**"  Means generally not favored by Bankruptcy Courts in this District without a reason and a time period for objections.

If your motion or order makes provision for any of the following, so indicate in the space provided:

## CERTIFICATE BY COUNSEL

This is to certify that the following checklist fully responds to the Court's inquiry concerning material terms of the DIP Motion and proposed form of Interim Order:[2]

**Yes, at Page/Exhibit Y means yes; N means no N/A means not applicable (Page Listing Optional)**

***Enter Y, N, or N/A***

1. Identification of Proceedings:

    (a) Preliminary or final motion/order (circle one) .............................................. Interim
    (b) Continuing use of cash collateral (§363) .......................................................... Yes
    (c) New financing (§364) ........................................................................................ Yes
    (d) Combination of §§363 and 364 financing ....................................................... Yes
    (e) Emergency hearing (Immediate and irreparable harm) .................................... Yes

2. Stipulations:

    (a) Brief history of debtor's business and status of debtor's prior relationships with lender ................................................................................ Yes
    (b) Brief statement of purpose and necessity of financing .................................... Yes
    (c) Brief statement of type of financing (i.e., accounts receivable, inventory) ...................................................................................................... Yes

**_____**

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Debtors' *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Grating Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* (the "DIP Motion")

|   |     |                                                                                                                                                  |
|---|-----|--------------------------------------------------------------------------------------------------------------------------------------------------|
|   | (d) | Are lender's pre-petition security interest(s) and liens deemed valid, fully perfected and non-avoidable?..................................................Yes |
|   |     | (i) Are there provisions to allow for objections to above? ..........Yes                                                                         |
|   | (e) | Is there a post-petition financing agreement between lender and debtor? ......................................................................................Yes |
|   |     | (i) If so, is agreement attached? ................................................Yes                                                           |
| ** | (f) | If there is an agreement, are lender's post-petition security interests and liens deemed valid, fully perfected and non-avoidable? ............................Yes |
|   | (g) | Is lender undersecured or oversecured? (circle one) ................................see note[3]                                                  |
|   | (h) | Has lender's non-cash collateral been appraised? ...............................................No                                              |
|   |     | (i) Insert date of latest appraisal ................................................N/A                                                          |
|   | (i) | Is debtor's proposed budget attached? ..............................................................Yes                                         |
|   | (j) | Are all pre-petition loan documents identified? ..................................................Yes                                           |
|   | (k) | Are pre-petition liens on single or multiple assets? (circle one) .................Multiple                                                      |
|   | (l) | Are there pre-petition guaranties of debt? ............................Yes (by non-Debtors)                                                     |
|   | (m) | Limited or unlimited? (circle one) ............................................................ Unlimited                                       |

3. Grant of Liens:

|   |     |                                                                                                                      |
|---|-----|----------------------------------------------------------------------------------------------------------------------|
| * | (a) | Do post-petition liens secure pre-petition debts? .......... Yes, subject to Final Order                             |
| * | (b) | Is there cross-collateralization? .................................Yes, subject to Final Order[4]                   |
| ** | (c) | Is the priority of post-petition liens equal to or higher than existing liens? ................................................................................................ Yes and No[5] |
| ** | (d) | Do post-petition liens have retroactive effect? ....................................................No              |
|   | (e) | Are there restrictions on granting further liens or liens of equal or higher priority? ................................................................................................... Yes |
| * | (f) | Is lender given liens on claims under §§ 506(c), 544-50 and 522? ....................................................................................................No                       |
| ** |     | (i) Are lender's attorneys' fees to be paid? .................................................Yes                    |
|   |     | (ii) Are debtor's attorneys' fees excepted from §506(c)? .......Final Order Only                                     |
| * | (g) | Is lender given liens upon proceeds of causes of action under §§ 544, 547 and 548? ...................................................................Final Order Only                        |

4. Administrative Priority Claims:

|   |     |                                                                                                     |
|---|-----|-----------------------------------------------------------------------------------------------------|
|   | (a) | Is lender given an administrative priority? ........................................................ Yes |
|   | (b) | Is administrative priority higher than §507(a)? ................................................ Yes |

---

[3] AB&T has a first lien on the Furr's Debtors assets, and is likely undersecured; the DIP Lender has a second lien on the Furr's Debtors' intellectual property assets, and a first lien on the assets of the Other Debtors, and is likely oversecured with respect to its prepetition loan.

[4] There is no "cross collateralization" as such. Instead, there is a $500,000 roll up of prepetition secured debt into postpetition secured DIP debt.

[5] The DIP Liens will be *junior* to the pre-existing prepetition liens held by AB&T on the Furr's Debtors' intellectual property, but will be senior to all other liens on all property of the Other Debtors once the $500,000 roll up occurs. Until the roll up occurs, the prepetition liens on the Other Debtors' assets will remain senior (put another way, the DIP Lender is priming itself on the Other Debtors' collateral).

4852-4029-8470

      (c)    Is there a conversion of pre-petition secured claim to post-petition administrative claim by virtue of use of existing collateral? ............................... No

5.    Adequate Protection (§361):

      (a)    Is there post-petition debt service? ................................................................. No
      (b)    Is there a replacement/addition 361(l) lien (circle one or both) ........... Replacement
\*\*   (c)    Is the lender's claim given super-priority? ......................................................... Yes
           (§364(c) or (d) [designate]) ..................................................................... § 364(c)
      (d)    Are there guaranties? ........................................................................................ No
      (e)    Is there adequate insurance coverage? ............................................................. Yes
      (f)    Other? ...........................................................................................................

6.    Waiver/Release Claims v. Lender:

\*\*   (a)    Debtor waives or releases claims against lender, including, but not limited to claims under §§506(c), 544-550, 553 and 553 of the Code? ....................................................................................... Final Order Only
\*\*   (b)    Does the debtor waive defenses to claims or liens of lender? ... Interim Order ¶¶ C 22, 23

7.    Source of Post-Petition Financing (§364 Financing):

      (a)    Is the proposed lender also the pre-petition lender? ......................................... Yes
      (b)    New post-petition lender? .................................................................................. No
      (c)    Is the lender an insider? ................................................................................... Yes

8.    Modification of Stay:

\*\*   (a)    Is any modified lift of stay allowed? ................................................................. Yes
\*\*   (c)    Will the automatic stay be lifted to permit lender to exercise self-help upon default without further order? .................................................... Yes
      (d)    Are there any other remedies exercisable without further order of Court? ......................................................................................................... Yes
      (e)    Is there a provision that any future modification of order shall not affect status of debtor's post-petition obligations to lender? ............................ Yes

9.    Creditors' Committee:

      (a)    Has creditors' committee been appointed? ........................................................ No
      (b)    Does creditors' committee approve of proposed financing? ........................... N/A

10.   Restrictions on Parties in Interest?

\*\*   (a)    Is a plan proponent restricted in any manner, concerning modification of lender's rights, liens and/or causes? .......................................... No
\*\*   (b)    Is the debtor prohibited from seeking to enjoin the lender in pursuant of rights? ............................................................................................. Yes

|      |      |      |      |      |
|------|------|------|------|------|
| **   | (c)  |      | Is any party in interest prohibited from seeking to modify this order? | No |
|      | (d)  |      | Is the entry of any order conditioned upon payment of debt to lender? | No |
|      | (a)  |      | Is the order binding on subsequent trustee on conversion? | Yes |

11. Nunc Pro Tunc:

   (a) Does any provision have retroactive effect? ................ Yes; to the Petition Date

12. Notice and Other Procedures:

   (a) Is shortened notice requested? ........................................................... Yes
   (b) Is notice requested to shortened list? ................................................. Yes
   (c) Is time to respond to be shortened? ................................................... No
   (d) If final order sought, have 15 days elapsed since service of motion pursuant to Rule 4001(b)(2)? ................................................. N/A
   (e) If preliminary order sought, is cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing? ........................................................................................... Yes
   (f) Is a Certificate of Conference included? ............................................ Yes
   (g) Is a Certificate of Service included? .................................................. Yes
   (h) Is there verification of transmittal to U.S. Trustee included pursuant to Rule 9034? ....................................................................... Yes
   (i) Has an agreement been reached subsequent to filing motion? ......... N/A
       (i) If so, has notice of the agreement been served pursuant to Rule 4001(d)(4)? ............................................................ N/A
       (ii) Is the agreement in settlement of motion pursuant to Rule 4001(d)(4)? ............................................................................. N/A
       (iii) Does the motion afford reasonable notice of material provisions of agreement pursuant to Rule 4001(d)(4)? ........ N/A
       (iv) Does the motion provide for opportunity for hearing pursuant to Rule 9014? ................................................................. N/A

[remainder of page intentionally left blank]

4852-4029-8470

Respectfully submitted this 20th day of April, 2021.

**GRAY REED**

By:   /s/ *Jason S. Brookner*
      Jason S. Brookner
      Texas Bar No. 24033684
      Aaron M. Kaufman
      Texas Bar No. 24060067
      Amber M. Carson
      Texas Bar No. 24075610
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:   (214) 953-1332
Email:       jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**PROPOSED COUNSEL TO THE**
**DEBTORS AND DEBTORS IN POSSESSION**

4852-4029-8470