## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § | Case No. 21-30721 (SGJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors' management, with the assistance of the Debtors' advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

The Schedules and Statements have been signed by Mark Shapiro, Chief Restructuring Officer of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

Shapiro necessarily relied upon the efforts, statements, and representations of the Debtors' affiliated management companies, other personnel and advisors. Mr. Shapiro has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

The Global Notes supplement and are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to each of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' other Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

1.      ***Description of Cases***. On April 20, 2021 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "<u>Bankruptcy Court</u>"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only under the lead case caption *In re Fresh Acquisitions, LLC., et al.*, Case No. 21-30721 (SGJ) (Bankr. N.D. Tex.) [Docket No. 53]. The Debtors are debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 30, 2021, the United States Trustee for the Northern District of Texas appointed a statutory committee of unsecured creditors pursuant to section 1102(a) and 1102(b)(1) of the Bankruptcy Code [Docket No. 94].

2.      ***"As Of" Information Date***. The information provided herein represents the data of the Debtors as of April 19, 2021, except for certain items which are as of mid-day on April 20, 2021 when the chapter 11 petitions were filed. Available cash is as of mid-day on April 20, 2021, and all other information including trade liabilities and principal and accrued interest on funded debt are provided as of April 19, 2021. Unless otherwise indicated herein or in the Schedules and Statements, the amounts set forth in the Schedules and Statements reflect net book value as of April 19, 2021. Amounts ultimately realized may vary from the values ascribed in the Schedules and Statements and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend, modify or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

3.      ***General Reservation of Rights***. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including: the right to amend the Schedules and Statements with respect to any claim (each a "<u>Claim</u>") description, designation, or Debtor against which the Claim is asserted; dispute or

2

otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4. ***Basis of Presentation*** The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by any Debtor. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Unlike consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

5. ***Confidential or Sensitive Information***. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, concerns for the privacy of an individual. In addition, the very existence of certain agreements is (by the terms of such agreements) confidential. These agreements have been noted, however, as "Confidential" in the Schedules and Statements, where applicable. The alterations or redactions are limited only to what the Debtors believe is necessary to protect the Debtor or the applicable third-party.

6. ***Causes of Action***. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any Claims or causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege,

license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

7.  ***Recharacterization***.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements.  Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items.  The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

8.  ***Court Orders***.  Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition Claims of employees, PACA and PASA trust claim holders, insurers, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and, therefore, generally are not listed in the Schedules and Statements.  Regardless of whether such Claims are listed in the Schedules and Statements, to the extent such Claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate, or to object or take other action as is necessary and appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

9.  ***Liabilities***.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10.  ***Excluded Assets and Liabilities***.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage Claims exist.  In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

11.  ***Intellectual Property Rights.***  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such

4832-9883-7226

intellectual property rights have not been abandoned, have not been terminated, otherwise have not expired by their terms, or have not been assigned or otherwise.

12.    ***Property and Equipment***.  Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect thereto.

13.    ***Intercompany Payables and Receivables***.  The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account.  The Debtors take no position in these Schedules and Statements as to whether such accounts would be collectible, or allowed as a Claim, an Interest, or not allowed at all.  The Debtors and all parties in interest reserve all rights with respect to such accounts.

14.    ***Estimates***.  To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

15.    ***Fiscal Year***.  Each Debtor's most recent fiscal year ended on December 30, 2020.

16.    ***Currency***.  All amounts are reflected in U.S. dollars.

17.    ***Executory Contracts***.  Although the Debtors are making diligent attempts to properly identify the Debtor counterparty(ies) to each executory contract on Schedule G, it is possible that more Debtor entities are a counterparty to certain executory contracts on Schedule G than will be listed.  The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract or lease.  Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

18.    ***Leases***.  The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements.  To the extent that there was an amount outstanding as of the Petition Date, the creditor will be included on Schedule E/F of the Schedules.

19.    ***Insiders***.  The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider."

4832-9883-7226

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are or are not insiders for purpose of section 101(31) of the Bankruptcy Code.

Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

20.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

21.    **Unliquidated Claim Amounts**.  Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

22.    **Undetermined Amounts**.  The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

23.    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits, allowances and other adjustments.

24.    **Payments**.  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System") (as more fully described in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Continue to Operate Their Cash Management System and Perform Intercompany Transactions, and (II) Granting Related Relief* (the "Cash Management Motion") [Docket No. 8]).  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute any payments to a different legal entity, if appropriate.

25.    **Guaranties and Other Secondary Liability Claims**.  The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in their executory contracts, unexpired leases, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.  Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties.  The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantor with respect to their financings and debt instruments on Schedules G and H. The Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments, and

similar agreements may exist and, to the extent they do, will be identified upon further review. Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

26. **_Consolidated Identification of Interests_**.    As set forth above, the Schedules and Statements, in certain instances, call for information that, if provided, would disclose the identities and personal contact information of certain individuals.  The Debtors have elected to present such sensitive information as consolidated line items of similar interests.  The Debtors believe that producing information in this manner is necessary to both maintain valuable customer and vendor relationships and to protect the Debtors' propriety information.

27. **_Mechanics' Liens_**.  The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialmans', or other similar statutory liens.  Such liens may apply, and the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

28. **_Global Notes Control_**.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

29. **_Entity Classification Issues_**. The Debtors have used their best efforts to identify the assets owned by each Debtor, the liabilities owed by each Debtor, and the Debtor that is a counterparty to executory contacts and unexpired leases; however, there are certain inherent limitations in making such identifications, including, but not limited to the facts that: (a) certain assets and executory contacts and unexpired leases may be primarily used by a Debtor other than the entity which holds title to such assets or is a party to such executory contact and unexpired lease according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets or is a party to certain executory contracts and unexpired leases may not be ascertainable given the consolidated manner in which the Debtors have operated their businesses; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.  In addition, financial activity for the Debtors is generally recorded under Debtor Buffets LLC for the Old Country Buffet®, Country Buffet®, HomeTown® Buffet, Ryan's®, and Fire Mountain® segments of their businesses.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

30. **_Schedule A/B_**.  Real property is reported at book value.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

Certain of the instruments reflected on Schedule A may contain renewal options, guarantees of payments, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditors' claim.

The Debtors' failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

31.    ***Schedule A/B 3.*** Amounts listed reflect the bank balance not the net book value. Bank account balances listed in Part 1 represent the balance as of April 20, 2021 prior to filing.

32.    ***Schedule A/B 7.*** The Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

33.    ***Schedule A/B 8.*** The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but undertake no obligation to, to amend the Schedules and Statements if prepayments are incorrectly identified.

34.    ***Schedule A/B 38–53.*** All furniture and equipment owned as of the Petition Date may not be listed. Certain kitchen equipment, such as ovens and mixers, and used furniture of inconsequential value, or that would require a cost to remove and store exceeding the benefit of retaining such property, has been abandoned pursuant to the various lease rejection motions filed in these chapter 11 cases. Dollar amounts for furniture, fixtures, and equipment are presented net of accumulated depreciation and other adjustments, except for certain locations where the Debtors planned to abandon items of *de minimis* value to the landlord. Because of the large number of items comprising the Debtors' furniture, fixtures, and equipment, as well as the difficulty of listing out every one of these assets, these items are listed as group line items. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed to be an admission regarding the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

35. ***Schedule A/B 59*** The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable. Values are listed as unknown or undetermined where appropriate. Additionally, the Debtors maintain certain customer lists and information in conjunction with the operation of their Customer Programs as defined in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (B) Granting Related Relief* [Docket No. 10].

36. ***Schedule A/B 73*** The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies. A list of the Debtors insurance policies and related information is available in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue their Insurance Policies and Honor all Obligations in Respect Thereof, and (B) Renew, Supplement, and Enter Into New Insurance Policies, and (II) Granting Related Relief* [Docket No. 13]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Such policies are listed on Schedule A/B, Part 11 but have no value ascribed to them.

37. ***Schedule A/B 75.*** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

38. ***Schedule D.*** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate principal and accrued interest as of the Petition Date.

Schedule D does not include parties who have filed notices of perfection of liens pursuant to section 546(b) of the Bankruptcy Code.

In certain instances, a Debtor may be a co-obligor, or guarantor with respect to scheduled claims of another Debtor, however no claim set forth on Scheduled D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

39. ***Schedule E/F, Part 1: Creditors Holding Priority Unsecured Claims***. The listing of any claim on Schedule E/F, Part 1 does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time. All claims listed on the Debtors' Schedule E/F are claims arising from tax, wage, or wage-related obligations to which the Debtors may potentially be liable. Certain of such claims, however, may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F. Accordingly, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues. Additionally, as more fully set forth in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 14], claims against the Debtors on account of wage or wage-related obligations may maintain priority under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code. Further, to the extent such claims have been paid or may be paid pursuant to a court order, they may not be included on Schedule E.

40. ***Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims.***

The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Debtors have attempted to relate all liabilities to each particular Debtor. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialmans', or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors. In certain instances, the Debtor or related co-defendants that are the subject of the litigation may be unclear or undetermined. To the extent that litigation involving a particular Debtor or related co-defendant has been identified, such information is contained in the Schedule for that Debtor. Additionally, to the extent the identification of contingent co-defendants is unknown or unclear, the Debtors have listed only the underlying litigation. The amounts for these potential claims are listed as unknown and marked as contingent, unliquidated, and disputed in the Schedules.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts or unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Schedule E/F, Part 2 also contains memo entries for former employees who are owed prepetition paid time off. These former employees are not scheduled individually in order to protect personal information; however, each former employee will receive information about their scheduled claim and have the opportunity to file a proof of claim.

The Debtors have made reasonable efforts to locate and identify Guaranties in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedules for the Debtor or Debtors affected by such Guaranties as a contingent and unliquidated obligation. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such

11

Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend the Schedules and SOFAs and to re-characterize or reclassify any such contract or claim, whether by amending the Schedules and SOFAs or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and SOFAs, including in any future amendments to the Schedules and SOFAs, shall not affect the enforceability of any Guaranties not listed.

In addition, certain claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

41. **Schedule G.** While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for goods, supplies, products, services, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods, supplies, or products were delivered, or services performed under purchase orders before the Petition Date, vendors' claims with respect to such delivered goods, supplies, or product and performed services are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

12

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, and division order agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

Certain of the executory contracts and unexpired leases listed in Schedule G may have been assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors. The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G; however, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. In instances where the Debtors were unable to determine which Debtor is the party to a contract, agreement, or lease, the Debtors have listed such contracts, agreements, or leases on Schedule G for Debtor Fresh Acquisitions, LLC.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

42. ***Schedule H.*** The Debtors have not listed any litigation-related to co-Debtors on Schedule H. Instead, such listings can be found on the Debtors' Schedules E/F.

## **Specific Disclosures with Respect to the Debtors' Statements**

43.     ***Statement 3.***   Statement 3 includes any disbursement or other transfer made by a Debtor where the aggregate transfers exceed $6,825, except for regular employee compensation and those made to insiders, which are reflected on Statements 4 and 30

44.     ***Statement 4.***   "Intercompany payments" mean payments made among or between debtors or their non-debtor affiliates as short term non-interest bearing loans, repayment of such loans, or management fees paid pursuant to management agreements.

Payments made by the Debtors to GlassRatner Advisory & Capital Group LLC d/b/a B. Riley Advisory Services have not been listed in response to Question 4; such payments made by the Debtors to B. Riley have been listed in response to Question 11.

45.     ***Statement 7.***   The Debtors have identified "Case Title," in some instances, by the applicable plaintiff's name.  The Debtors used reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto.  In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question 7, or additional legal actions, the Debtors will use reasonable efforts to supplement the Statements in light thereof.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings.  The listing of such suits and proceedings shall not constitute and admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.  The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

46.     ***Statement 11.***   The Debtors have used reasonable efforts to identify payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date.   Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

47.     ***Statement 13*** – As a result of the COVID-19 pandemic, most of the Debtors' buffet format restaurants were permanently closed.  As a part of each restaurant closing, the equipment, furniture, and fixtures located in the restaurants were either abandoned to the landlord or auctioned by a third party.  In the cases where there were proceeds remaining for the Debtor after deducting auction expenses, they were typically less than $20,000 per restaurant.

48.     ***Statement 14 -*** To the extent that the Debtors vacated store locations during the three years immediately preceding the commencement date, information on these former store locations is contained in the Debtors' response to Question 14.

49.     ***Statement 26(d).***  From time to time, the Debtors provided financial statements in the ordinary course of business to numerous parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions,

14

investment banks, vendors, landlords, debtholders and their legal and financial advisors. Due to the confidentiality requirements of related non-disclosure agreements, and because detailed records identifying all parties that have received such statements were not maintained by the Debtors, such parties are not listed in response to this question.

50. **_Statement 27._**  The Debtors' employees perform weekly physical inventory counts in the ordinary course of business.  To the extent a location was closed, the inventory shown is $0.

51. **_Statement 30._**  The Debtors have included responses to Question 30 in Question 4.

**Fill in this information to identify the case:**

Debtor name __Fresh Acquisitions, LLC__

United States Bankruptcy Court for the: __Northern__ District of __Texas__
(State)

Case number (If known): __21-30721 (SGJ)__

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 12/31/2020<br>MM / DD / YYYY | to | Filing date | ☑ Operating a business<br>☐ Other _____ | $ 815,321.71 |
| **For prior year:** | From 12/26/2019<br>MM / DD / YYYY | to | 12/30/2020<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 12,873,709.79 |
| **For the year before that:** | From 12/27/2018<br>MM / DD / YYYY | to | 12/25/2019<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 42,522,135.77 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to | Filing date | _____ | $_____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | _____ | $_____ |

Debtor  Fresh Acquisitions, LLC
        _____
        Name

Case number (*if known*) 31-30721 (SGJ)

---

**Part 2:**  **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

❑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | See attached rider<br>Creditor's name<br><br>Street<br><br>City          State     ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ❑ Secured debt<br>❑ Unsecured loan repayments<br>❑ Suppliers or vendors<br>❑ Services<br>❑ Other _____ |
| 3.2. | Creditor's name<br><br>Street<br><br>City          State     ZIP Code | <br><br>_____ | $_____ | ❑ Secured debt<br>❑ Unsecured loan repayments<br>❑ Suppliers or vendors<br>❑ Services<br>❑ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

❑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See attached rider<br>Insider's name<br><br>Street<br><br>City          State     ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____<br><br>_____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |
| 4.2. | Insider's name<br><br>Street<br><br>City          State     ZIP Code<br><br>**Relationship to debtor**<br>_____ | <br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |

| Debtor | Fresh Acquisitions, LLC | Case number (if known) | 31-30721 (SGJ) |
|---|---|---|---|
| | Name | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City                    State           ZIP Code | | | |
| 5.2. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City                    State           ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| City                    State           ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:  Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | See attached rider | | | ☐ Pending ☐ On appeal ☐ Concluded |
| | Case number | | Name | |
| | | | Street | |
| | | | City          State          ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending ☐ On appeal ☐ Concluded |
| | Case number | | Name | |
| | | | Street | |
| | | | City          State          ZIP Code | |

Debtor    Fresh Acquisitions, LLC
          _____            Case number (*if known*)_31-30721 (SGJ)_____
          Name

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | _____ | _____ |
| | **Case number** | Name |
| City          State       ZIP Code | _____ | Street |
| | **Date of order or assignment** | _____ |
| | _____ | City       State       ZIP Code |

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City          State       ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2. Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City          State       ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| See attached rider | _____ | _____ | $_____ |
| _____ | | | |

Debtor    Fresh Acquisitions, LLC _____    Case number *(if known)* 31-30721 (SGJ)
          Name

| **Part 6:** | **Certain Payments or Transfers** |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

|  | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | See attached rider | _____ | _____ | $_____ |
|  | **Address** | _____ |  |  |
|  | _____ Street |  |  |  |
|  | _____ |  |  |  |
|  | City          State     ZIP Code |  |  |  |
|  | **Email or website address** |  |  |  |
|  | _____ |  |  |  |
|  | **Who made the payment, if not debtor?** |  |  |  |
|  | _____ |  |  |  |

|  | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
|  | **Address** | _____ |  |  |
|  | _____ Street |  |  |  |
|  | _____ |  |  |  |
|  | City          State     ZIP Code |  |  |  |
|  | **Email or website address** |  |  |  |
|  | _____ |  |  |  |
|  | **Who made the payment, if not debtor?** |  |  |  |
|  | _____ |  |  |  |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

|  | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
|  | _____ | _____ | _____ | $_____ |
|  | **Trustee** | _____ |  |  |
|  | _____ |  |  |  |

| Debtor | Fresh Acquisitions, LLC | Case number (if known) 31-30721 (SGJ) |
|---|---|---|
| | Name | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | VitaNova Brands, LLC | Security Interest - See Prepetition and Debtor-in-Possession Credit Agreement dated April 16, 2021[doc.16] | 4/16/2021 | $ unknown |
| | **Address** 2338 N Loop 1604 W, Ste 350 Street | | | |
| | San Antonio    TX    78248 City    State    ZIP Code | | | |
| | **Relationship to debtor** Secured Lender | | | |
| 13.2. | **Who received transfer?** | | | $ |
| | **Address** Street | | | |
| | City    State    ZIP Code | | | |
| | **Relationship to debtor** | | | |

---

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | See attached rider Street | From _____ To _____ |
| | City    State    ZIP Code | |
| 14.2. | Street | From _____ To _____ |
| | City    State    ZIP Code | |

Debtor    Fresh Acquisitions, LLC          Case number (if known) 31-30721 (SGJ)
      Name

---

**Part 8:**    **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | _____<br>Facility name | _____<br>_____ | _____ |
| | _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____<br>City    State    ZIP Code | _____ | *Check all that apply:*<br>☑ Electronically<br>☑ Paper |

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.2. | _____<br>Facility name | _____<br>_____ | _____ |
| | _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____<br>City    State    ZIP Code | _____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

---

**Part 9:**    **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained. Names, emails, phone numbers, addresses optional

     Does the debtor have a privacy policy about that information?

     ☐ No

     ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

     Yes. Does the debtor serve as plan administrator?

     ☐ No. Go to Part 10.

     ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

     Has the plan been terminated?

     ☐ No

     ☐ Yes

---

Debtor    Fresh Acquisitions, LLC  
<sub>Name</sub>                   Case number <sub>(if known)</sub> 31-30721 (SGJ)

---

**Part 10:**    **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | See attached rider <br> <sub>Name</sub> <br> <sub>Street</sub> <br> <sub>City   State   ZIP Code</sub> | XXXX–___ ___ ___ ___ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |
| 18.2. | <sub>Name</sub> <br> <sub>Street</sub> <br> <sub>City   State   ZIP Code</sub> | XXXX–___ ___ ___ ___ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| <sub>Name</sub> <br> <sub>Street</sub> <br> <sub>City   State   ZIP Code</sub> | _____ <br> _____ <br> **Address** <br> _____ <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Safesite Inc. <br> <sub>Name</sub> <br> 9505 Johnny Morris Road <br> <sub>Street</sub> <br> Austin    TX    78724 <br> <sub>City   State   ZIP Code</sub> | Tracy Amass <br> Lisa Mittelberg <br> **Address** <br> 2338 N. Loop 1604 W., Suite 350 <br> San Antonio TX 78248 | financial documents, <br> credit card receipts, etc. <br> _____ | ☐ No <br> ☑ Yes |

---

Debtor    Fresh Acquisitions, LLC
          _____    Case number (if known) 31-30721 (SGJ)
          Name

---

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| _____ Name | _____ | _____ | |
| _____ Street | _____ | _____ | |
| _____ | | | |
| City        State        ZIP Code | | | |

---

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | _____ | ☐ Pending |
| **Case number** | Name _____ | _____ | ☐ On appeal |
| _____ | Street _____ | _____ | ☐ Concluded |
| | City        State        ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | _____ | _____ |
| _____ Street | _____ Street | _____ | |
| _____ | _____ | _____ | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

Debtor    Fresh Acquisitions, LLC          Case number (*if known*) 31-30721 (SGJ)
Name

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | _____ | _____ |
| _____ Street | _____ Street | _____ | |
| _____ City  State  ZIP Code | _____ City  State  ZIP Code | _____ | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | _____ Name | _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| | _____ Street | _____ | **Dates business existed** |
| | _____ City  State  ZIP Code | | From _____ To _____ |
| 25.2. | _____ Name | _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| | _____ Street | _____ | **Dates business existed** |
| | _____ City  State  ZIP Code | | From _____ To _____ |
| 25.3. | _____ Name | _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| | _____ Street | _____ | **Dates business existed** |
| | _____ City  State  ZIP Code | | From _____ To _____ |

---

Debtor      Fresh Acquisitions, LLC        Case number (*if known*) 31-30721 (SGJ)
       Name

---

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.    See Attached Rider <br> Name <br><br> Street <br><br> City      State      ZIP Code | From _____ To _____ |
| 26a.2. <br> Name <br><br> Street <br><br> City      State      ZIP Code | From _____ To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.    See Attached Rider <br> Name <br><br> Street <br><br> City      State      ZIP Code | From _____ To _____ |
| 26b.2. <br> Name <br><br> Street <br><br> City      State      ZIP Code | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    See Attached Rider <br> Name <br><br> Street <br><br> City      State      ZIP Code | _____ <br> _____ <br> _____ |

Debtor    Fresh Acquisitions, LLC
Name

Case number (*if known*) 31-30721 (SGJ)

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City     State     ZIP Code | _____<br>_____<br>_____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.   Arizona Bank & Trust<br>Name<br>c/o Engelman Berger PC<br>Street<br>800 North Central Ave, Suite 1200<br>Phoenix     AZ     85004<br>City     State     ZIP Code |

| Name and address |
|---|
| 26d.2.   Landlords as requested, generally limited to store in which landlord has an interest.<br>Name<br>_____<br>Street<br>_____<br>_____<br>City     State     ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
☒ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| See attached rider | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1.   Dan Lentes<br>Name<br>2338 N. Loop 1604 W. Ste 350<br>Street<br>_____<br>San Antonio     TX     78248<br>City     State     ZIP Code |

Debtor    Fresh Acquisitions, LLC          Case number (*if known*) 31-30721 (SGJ)

Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

**Name and address of the person who has possession of inventory records**

27.2.

Name _____

Street _____

City _____ State ___ ZIP Code ___

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See attached rider | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Nathan Calvert | 2338 N. Loop 1604 W. Ste 350, San Antonio, TX 78248 | VP Controller | From 1/7/12 To 11/16/20 |
| Bob Amaro | 2338 N. Loop 1604 W. Ste 350, San Antonio, TX 78248 | Senior VP - Corporate Strategy & Tax | From 1/16/06 To 4/20/20 |
| Peter Donavand | 2338 N. Loop 1604 W. Ste 350, San Antonio, TX 78248 | VP Real Estate and Business Development | From 4/16/07 To 4/20/20 |
| Brian Bailey | 2338 N. Loop 1604 W. Ste 350, San Antonio, TX 78248 | VP of Operations | From 11/26/04 To 3/20/20 |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1.    See Question #4 | _____ | _____ | _____ |
| Name _____ | | | |
| Street _____ | | _____ | |
| City _____ State ___ ZIP Code ___ | | _____ | |
| Relationship to debtor | | _____ | |
| _____ | | _____ | |

Debtor    Fresh Acquisitions, LLC          Case number *(if known)* 31-30721 (SGJ)

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | | | |
| | Name | | |
| | Street | | |
| | | | |
| | City     State     ZIP Code | | |
| **Relationship to debtor** | | | |
| | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

| **Part 14:** | **Signature and Declaration** |
|---|---|

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05 / 26 / 2021
            MM / DD / YYYY

✖ /s/ Mark Shapiro          Printed name   Mark Shapiro

Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes

Debtor: **Fresh Acquisitions, LLC (aka Furr's;** Case number (if known): **21-30721-SGJ**
**Furr's Fresh Buffet)**

| Part 2: | **List Certain Transfers Made Before Filing for Bankruptcy** |

**3. Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers₁ including expense reimbursements₁ to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | | | | | |
|------|------|------|------|------|------|
| 3.1 | ARIZONA BANK & TRUST<br>2036 E CAMELBACK ROAD<br>PHOENIX, AZ 85016 | 4/20/2021 | | $28,750.34 | SECURED DEBT |
| | | 3/29/2021 | | $27,526.93 | SECURED DEBT |
| | | 3/17/2021 | | $25,968.06 | SECURED DEBT |
| | | 3/1/2021 | | $19,662.10 | SECURED DEBT |
| | | 2/8/2021 | | $58,538.86 | SECURED DEBT |
| | | 2/26/2021 | | $28,976.91 | SECURED DEBT |
| | | 1/26/2021 | | $202,325.99 | SECURED DEBT |
| | | | **SUBTOTAL** | $391,749.19 | |
| 3.2 | BMC GROUP INC<br>600 FIRST AVE<br>SEATTLE, WA 98104 | 4/15/2021 | | $13,769.50 | SERVICES |
| | | | **SUBTOTAL** | $13,769.50 | |
| 3.3 | BROTHERS PRODUCE OF DALLAS INC<br>PO BOX 550278<br>DALLAS, TX 75355 | 4/14/2021 | | $10,312.71 | SUPPLIERS |
| | | 3/2/2021 | | $10,312.71 | SUPPLIERS |
| | | 1/26/2021 | | $1,327.43 | SUPPLIERS |
| | | | **SUBTOTAL** | $21,952.85 | |
| 3.4 | CITY OF GARLAND UTILITIES<br>PO BOX 461508<br>GARLAND, TX 75046-1508 | 3/3/2021 | | $22,555.16 | SERVICES |
| | | 1/21/2021 | | $3,623.22 | SERVICES |
| | | | **SUBTOTAL** | $26,178.38 | |
| 3.5 | ELAVON<br>7300 CHAPMAN HIGHWAY<br>KNOXVILLE, TN 37920 | 4/1/2021 | | $1,869.92 | SERIVCES |
| | | 3/1/2021 | | $2,248.35 | SERIVCES |
| | | 2/26/2021 | | $20.00 | SERIVCES |
| | | 2/1/2021 | | $3,134.25 | SERIVCES |
| | | 1/29/2021 | | $50.00 | SERIVCES |
| | | | **SUBTOTAL** | $7,322.52 | |
| 3.6 | KANE RUSSELL COLEMAN LOGAN PC<br>901 MAIN STREET, SUITE 5200<br>DALLAS, TX 75202 | 4/12/2021 | | $31,016.70 | SERVICES |
| | | 3/8/2021 | | $5,234.45 | SERVICES |
| | | | **SUBTOTAL** | $36,251.15 | |
| 3.7 | KATTEN MUCHIN ROSENMAN LLP<br>2900 K STREET NW<br>NORTH TOWER, SUITE 200<br>WASHINGTON, DC 20007-5118 | 4/5/2021 | | $15,606.65 | SERVICES |
| | | | **SUBTOTAL** | $15,606.65 | |
| 3.8 | LIBERTY MUTUAL INSURANCE GROUP<br>PO BOX 91012<br>CHICAGO, IL 60680-1110 | 4/8/2021 | | $7,720.14 | SERVICES |
| | | | **SUBTOTAL** | $7,720.14 | |
| 3.9 | SAN151NNN LLC<br>5944 LUTHER LN STE 725<br>DALLAS, TX 75225 | 4/15/2021 | | $16,666.67 | SETTLEMENT |
| | | 3/15/2021 | | $16,666.67 | SETTLEMENT |
| | | 2/24/2021 | | $16,666.67 | SETTLEMENT |
| | | | **SUBTOTAL** | $50,000.01 | |

*Prepared by BMC Group on 05/25/2021*

Debtor: **Fresh Acquisitions, LLC (aka Furr's;**
**Furr's Fresh Buffet)**

Case number (if known): **21-30721-SGJ**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers⌐including expense reimbursements⌐to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | | | | | |
|---|---|---|---|---|---|
| 3.10 | WASTE CONNECTIONS | 3/22/2021 | | $5,918.43 | SERVICES |
| | LONE STAR INC | 2/1/2021 | | $2,894.10 | SERVICES |
| | PO BOX 17608 | | | | |
| | AUSTIN, TX 78760-7608 | | SUBTOTAL | $8,812.53 | |
| | | | | | |
| 3.11 | WASTE MANAGEMENT NATIONAL | 3/5/2021 | | $7,553.69 | SERVICES |
| | PO BOX 740023 | 2/1/2021 | | $5,685.39 | SERVICES |
| | ATLANTA, GA 30374-0023 | | SUBTOTAL | $13,239.08 | |
| | | | | | |
| | | | TOTAL | $592,602.00 | |

Debtor: **Fresh Acquisitions, LLC (aka Furr's; Furr's Fresh Buffet)**    Case number (if known): **21-30721-SGJ**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
| --- | --- | --- | --- | --- |
| 4.1 | BUFFETS LLC<br>2338 N LOOP 1604 W<br>SUITE 350<br>SAN ANTONIO, TX 78248 | 11/20/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | SUBTOTAL | $15,000.00 | |
| | **Relationship to debtor**<br>AFFILIATE | | | |
| 4.2 | DYNAMIC FOODS<br>1001 EAST 33RD ST<br>LUBBOCK, TX 79404-1899 | 5/6/2020 | $25,000.00 | INTERCOMPANY PAYMENTS |
| | | 6/8/2020 | $100,000.00 | INTERCOMPANY PAYMENTS |
| | **Relationship to debtor**<br>AFFILIATE | 6/30/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | 6/30/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | 7/2/2020 | $5,000.00 | INTERCOMPANY PAYMENTS |
| | | 7/7/2020 | $41,222.97 | INTERCOMPANY PAYMENTS |
| | | 7/8/2020 | $29,374.36 | INTERCOMPANY PAYMENTS |
| | | 7/10/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | 7/14/2020 | $20,000.00 | INTERCOMPANY PAYMENTS |
| | | 7/20/2020 | $30,000.00 | INTERCOMPANY PAYMENTS |
| | | 7/21/2020 | $10,000.00 | INTERCOMPANY PAYMENTS |
| | | 8/4/2020 | $25,000.00 | INTERCOMPANY PAYMENTS |
| | | 8/5/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | 8/6/2020 | $25,000.00 | INTERCOMPANY PAYMENTS |
| | | 8/12/2020 | $21,000.00 | INTERCOMPANY PAYMENTS |
| | | 8/12/2020 | $10,000.00 | INTERCOMPANY PAYMENTS |
| | | 8/28/2020 | $47,808.55 | INTERCOMPANY PAYMENTS |
| | | 9/10/2020 | $75,000.00 | INTERCOMPANY PAYMENTS |
| | | 9/11/2020 | $5,000.00 | INTERCOMPANY PAYMENTS |
| | | 9/16/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | 9/21/2020 | $30,000.00 | INTERCOMPANY PAYMENTS |
| | | 10/8/2020 | $50,000.00 | INTERCOMPANY PAYMENTS |
| | | 10/27/2020 | $30,000.00 | INTERCOMPANY PAYMENTS |
| | | 10/29/2020 | $60,000.00 | INTERCOMPANY PAYMENTS |
| | | 11/2/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | 11/12/2020 | $50,000.00 | INTERCOMPANY PAYMENTS |
| | | 11/12/2020 | $25,000.00 | INTERCOMPANY PAYMENTS |
| | | SUBTOTAL | $804,405.88 | |
| 4.3 | FMP SA MANAGEMENT GROUP, LLC<br>2338 N LOOP 1604 W<br>SUITE 350<br>SAN ANTONIO, TX 78248 | 5/14/2020 | $3,000.00 | INTERCOMPANY PAYMENTS |
| | | 6/16/2020 | $2,000.00 | INTERCOMPANY PAYMENTS |
| | | 7/14/2020 | $3,000.00 | INTERCOMPANY PAYMENTS |
| | | 10/27/2020 | $3,000.00 | INTERCOMPANY PAYMENTS |
| | **Relationship to debtor**<br>AFFILIATE | SUBTOTAL | $11,000.00 | |
| 4.4 | TXFMP MANAGEMENT, LLC<br>2338 N LOOP 1604<br>SAN ANTONIO, TX 78248 | 7/9/2020 | $150,000.00 | INTERCOMPANY PAYMENTS |
| | | 8/6/2020 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | 9/17/2020 | $30,000.00 | INTERCOMPANY PAYMENTS |
| | **Relationship to debtor**<br>AFFILIATE | 10/1/2020 | $20,000.00 | INTERCOMPANY PAYMENTS |
| | | 12/4/2020 | $50,000.00 | INTERCOMPANY PAYMENTS |
| | | SUBTOTAL | $265,000.00 | |

Debtor: **Fresh Acquisitions, LLC (aka Furr's; Furr's Fresh Buffet)**    Case number (if known): **21-30721-SGJ**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.5 | VITANOVA BRANDS, LLC<br>2338 N. LOOP 1604 W #350<br>SAN ANTONIO, TX 78248 | 3/10/2021 | $15,000.00 | INTERCOMPANY PAYMENTS |
| | | **SUBTOTAL** | $15,000.00 | |
| | **Relationship to debtor** | | | |
| | AFFILIATE | | | |
| | | **TOTAL** | $1,110,405.88 | |

**Fresh Acquisitions, LLC**

**Case Number:** 21-30721(SGJ)

| Part 3: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Legal Actions of Assignments |

7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits within 1 year before filing this case

| | CASE TITLE | CASE NUMBER | NATURE OF CASE | COURT OR AGENCY'S NAME AND ADDRESS | STATUS |
|---|---|---|---|---|---|
| 7.1 | SAN151NNN LLC vs Fresh Acquisitions LLC | 2019-CI-15423 | Breach of Lease | 224th Judicial District Court, Bexar County, Texas | ___Pending<br>___On appeal<br>_X_Concluded |
| 7.2 | Arthur N. Rupe Foundation v. Fresh Acquisitions, LLC | 5:20-cv-00130-H | Breach of Lease | IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS LUBBOCK DIVISION | _X_Pending<br>___On appeal<br>___Concluded |
| 7.3 | Bexar County, City of San Antonio and Northside Independent School District, vs. Fresh Acquisitions, LLC DBA Furr's | 2020TA101630 | Unpaid 2019 Taxes | District Court, 150th Judicial District of Bexar County | _X_Pending<br>___On appeal<br>___Concluded |
| 7.4 | Westwood Financial corp., as authorized agent for WFC Wyoming NM, LLC v. Fresh Acquisitions, LLC as successor in interest to BUFFET PARTNERS, LP, | D-202-CV-2020-06303 | Eviction: Non-Payment of Rent | 2nd Judicial District Court, bernalillo Co | _X_Pending<br>___On appeal<br>___Concluded |
| 7.5 | Rogers Avenue Properties, LLC v. Fresh Acquisitions, LLC | CV-20-836 | Breach of Lease | Sebastian County, Arkansas, Fort Smith | _X_Pending<br>___On appeal<br>___Concluded |
| 7.6 | National Retail Properties, LP, a Delaware limited liability company v. Fresh Acquisitions, LLC | CJ-21-149 | 1. Damages in the amount of $248,931.72, plus unpaid and valoren taxes, attorneys' fees and costs.<br>2. Execution and/or Assistance to restore the plaintiff to possession. | District Court, Cleveland County, OK | _X_Pending<br>___On appeal<br>___Concluded |
| 7.7 | National Retail Properties, LP, v. Fresh Acquisitions, LLC | JP07-21-E00097196 | Eviction: Non-Payment of Rent | Judge Kenneth Sanders, Justice of the Peace | _X_Pending<br>___On appeal<br>___Concluded |
| 7.8 | MCM Properties, LTD. and ICA Properties, INC. v. Fresh Acquisitions, LLC | D-21-01-0101-CV | Non payment of leases | 244th District - Ector County, TX | _X_Pending<br>___On appeal<br>___Concluded |
| 7.9 | Bexar County, ET AL v. Fresh Acquisitions, LLC dba Furr's | Suit No.2020TA101630 | Unpaid Tax Claim | Bexar County Tax Office | _X_Pending<br>___On appeal<br>___Concluded |
| 7.10 | Maria Molina | Claim Number: P94935076301 | General Liability Summons and Complaint | | _X_Pending<br>___On appeal<br>___Concluded |
| 7.11 | Tammy Ann Scott | P 949-369193-01 | General Liability Claim | | _X_Pending<br>___On appeal<br>___Concluded |
| 7.12 | Ruby Gomez | P 949-361425 | General Liability Claim | | _X_Pending<br>___On appeal<br>___Concluded |

**Fresh Acquisitions, LLC**

**Case Number:** 21-30721-SGJ

| Part 5: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Certain Losses |

10. All losses from fire, theft, or other casualty within 1 year before filing this case

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost | Payment Date |
|---|---|---|---|---|---|
| 10.1 | 11925 Gateway West Blvd., El Paso, TX 79936 Electrical breakdown | - | 6/29/2020 | 850,000.00 | N/A |
| 10.2 | 11925 Gateway West Blvd., El Paso, TX 79936 Water leak from drink station damaged interior of restaurant | - | 8/24/2020 | 850,000.00 | N/A |
| 10.3 | 6111 San Mateo Blvd, NE, Suite 109, Albuquerque, NM 87109 Thieves were in the process of stripping the place with compressors, electrical panels, faucets, and fixtures as well as equipment being taken | - | 3/16/2021 | 300,000.00 | N/A |
| 10.4 | 901 W Expressway, McAllen, TX 78501 Building damaged by hurricane. Roof leaks and water intrusion | 11,389.45 | 7/25/2020 | 368,006.03 | 1/13/2021 |

**Fresh Acquisitions, LLC**

Case Number:  21-30721 (SGJ)

| Part 6: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Payments related to bankruptcy |

11.  List any payments of money or transfers of property made within 1 year before filing this case.

| | Who was paid or who received the transfer | Address | Email or website address | If not money, describe any propery transferred | Date of Payment | Total amount or value |
|---|---|---|---|---|---|---|
| 11.1 | GlassRatner Advisory & Capital Group  LLC Dba B. Riley | 3445 Peachtree Rd, NE, Suite 1225, Atlanta, GA 30326 | www.brileyfin.com | | 02/09/21 | 80,000.00 |
| 11.2 | GlassRatner Advisory & Capital Group  LLC Dba B. Riley | 3445 Peachtree Rd, NE, Suite 1225, Atlanta, GA 30326 | www.brileyfin.com | | 04/15/21 | 160,000.00 |
| 11.3 | GrayReed & McGraw | 1300 Post Oak Blvd, Suite 2000, Houston, TX 77056 | www.grayreed.com | | 01/14/21 | 25,000.00 |
| 11.4 | GrayReed & McGraw | 1300 Post Oak Blvd, Suite 2000, Houston, TX 77056 | www.grayreed.com | | 04/05/21 | 200,000.00 |
| 11.5 | GrayReed & McGraw | 1300 Post Oak Blvd, Suite 2000, Houston, TX 77056 | www.grayreed.com | | 04/20/21 | 120,000.00 |
| 11.6 | Katten Muchin Rosenman LLP | 2900 K Street NW, North Tower, Suite 200, Washington DC 20007-5118 | https://katten.com | | 11/27/20 | 10,000.00 |
| 11.7 | Katten Muchin Rosenman LLP | 2900 K Street NW, North Tower, Suite 200, Washington DC 20007-5118 | https://katten.com | | 12/31/20 | 10,000.00 |
| 11.8 | Katten Muchin Rosenman LLP | 2900 K Street NW, North Tower, Suite 200, Washington DC 20007-5118 | https://katten.com | | 04/05/21 | 32,213.30 |
| 11.9 | Katten Muchin Rosenman LLP | 2900 K Street NW, North Tower, Suite 200, Washington DC 20007-5118 | https://katten.com | | 04/20/21 | 32,824.60 |

**Fresh Acquisitions, LLC**

Case Number: 21-30721-SGJ

| Part 7: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Previous Locations |

14.  List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

| | Address | City | State | Zip | Dates of Occupancy From | To |
|---|---|---|---|---|---|---|
| 14.1 | 120 Chula Vista | Hollywood Park | TX | 78232 | 9/23/2013 | 5/30/2020 |
| 14.2 | 3233 Alta Mere Drive | Ft. Worth | TX | 76116 | 04/01/81 | 03/20/19 |
| 14.3 | 3605 Olton Road | Plainview | TX | 79072 | 10/01/78 | 04/14/19 |
| 14.4 | 1900 N Central Expressway | Plano | TX | 75074 | 06/12/14 | 08/25/19 |
| 14.5 | 8410 State Highway 151 | San Antonio | TX | 78245 | 02/01/12 | 03/29/19 |
| 14.6 | 6001 Slide Road | Lubbock | TX | 79414 | 04/01/86 | 08/30/19 |
| 14.7 | 1416 N Turner Street | Hobbs | NM | 88240 | 12/01/58 | 08/26/20 |
| 14.8 | 4101 East 42Nd Street | Odessa | TX | 79762 | 11/01/00 | 02/26/21 |
| 14.9 | 6465 Samuell Blvd. | Dallas | TX | 75228 | 07/01/83 | 02/26/21 |
| 14.10 | 1300 Mockingbird Lane | Sulphur Springs | TX | 78245 | 03/01/83 | 02/26/21 |
| 14.11 | 1201 S. Interstate Drive | Moore | OK | 73160 | 11/01/07 | 02/26/21 |
| 14.12 | 901 W Expressway | Mcallen | TX | 78501 | 05/01/82 | 03/02/21 |
| 14.13 | 5707 Rogers Avenue | Fort Smith | AR | 72903 | 06/01/07 | 03/10/21 |
| 14.14 | 300 E Interstate 20 | Arlington | TX | 76018 | 10/14/14 | 03/10/21 |
| 14.15 | 2004 Wyoming Ne | Albuquerque | NM | 87112 | 10/01/07 | 04/08/21 |
| 14.16 | 522 Cordova | Santa Fe | NM | 87501 | 04/01/64 | 04/30/21 |
| 14.17 | 2221 S. Soncy | Amarillo | TX | 79109 | 02/01/68 | 04/30/21 |
| 14.18 | 1540 Eastgate Drive | Garland | TX | 75041 | 10/01/73 | 04/30/21 |
| 14.19 | 6111 San Mateo Blvd. Ne, Suite 10 | Albuquerque | NM | 87109 | 07/01/75 | 04/30/21 |
| 14.20 | 3030 E. Main | Farmington | NM | 87401 | 09/01/77 | 04/30/21 |
| 14.21 | 2817 Loop 289 South | Lubbock | TX | 79423 | 09/01/79 | 04/30/21 |

**Fresh Acquisitions, LLC**

**Case Number:** 21-30721-SGJ

Part 10: **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18.  Closed financial accounts within 1 year prior to filing.

|  | Financial insititution name | Address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|---|
| 18.1 | BBVA | P.O. Box 10566 Birmingham, AL 35296 | 3702 | Depository | 4/13/2021 | 0.00 |
| 18.2 | City National Bank | P.O. Box 495 Sulphur Springs, TX 75483-0495 | 9841 | Depository | 3/23/2021 | 37.74 |
| 18.3 | Simmons Bank | P.O. Box 7009 Pine Bluff, AR 71603-7009 | 8441 | Depository | 4/1/2021 | 0.00 |
| 18.4 | Washington Federal | 9929 Evergreen Way Everett WA 98204 | 1084 | Depository | 3/16/2021 | -2.45 |

**Fresh Acquisitions, LLC (aka Furr's; Furr's Fresh Buffet)**

Case Number: 21-30721

| Part 13: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing the case.

| | Name | Address | Begin Date of Service | End Date of Service |
|---|---|---|---|---|
| 26a.1 | Martin Cortes | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 4/13/2020 | Present |
| 26a.2 | Geromy Scott | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 6/23/2014 | Present |
| 26a.3 | Nathan Calvert | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 11/7/2012 | 11/16/2020 |
| 26a.4 | Bob Amaro | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 1/16/2006 | 4/20/2020 |

26b. All firms or individuals who have audited, compiled, or reviewed books and records or prepared a financial statement within 2 years before filing the case.

| | Name | Address | Begin Date of Service | End Date of Service |
|---|---|---|---|---|
| 26b.1 | Martin Cortes | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 4/13/2020 | Present |
| 26b.2 | Geromy Scott | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 6/23/2014 | Present |
| 26b.3 | Nathan Calvert | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 11/7/2012 | 11/16/2020 |
| 26b.4 | Bob Amaro | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | 1/16/2006 | 4/20/2020 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case filed.

| | Name | Address | If any books of account and records are unavailable, explain why |
|---|---|---|---|
| 26c.1 | Martin Cortes | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | |
| 26c.2 | Geromy Scott | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | |
| 26c.3 | Nathan Calvert | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | |
| 26c.4 | Bob Amaro | 2338 N. Loop 1604 W. Ste 350 San Antonio, TX 78248 | |

**Fresh Acquisitions, LLC**

Case Number: 21-30721-SGJ

| Part 13: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

27.  Inventories

| | Store #/Location | Inventory 1 | | | Inventory 2 | | |
|---|---|---|---|---|---|---|---|
| | | Date | Taken by | Value (at cost) | Date | Taken By | Value (at cost) |
| 27.1 | 102 ODESSA | 11/18/20 | Mario Quezada | 21,366.00 | 04/15/21 | John Lenormand | - |
| 27.2 | 103 HOBBS | 03/25/20 | Hai Khuu | 13,515.00 | 04/15/21 | John Lenormand | - |
| 27.3 | 115 ALB.-WYOMING | 07/08/20 | Rudy Orozco | 47,947.00 | 04/15/21 | John Lenormand | - |
| 27.4 | 116 SANTA FE | 12/02/20 | Omar Monroy | 32,453.00 | 04/15/21 | John Lenormand | - |
| 27.5 | 123 AMARILLO | 02/24/21 | Barbara Belflower | 23,974.00 | 04/15/21 | John Lenormand | - |
| 27.6 | 148 GARLAND | 05/07/21 | Jose Avila | 46,535.00 | 04/15/21 | John Lenormand | 69,555.00 |
| 27.7 | 160 ALB.-SAN MATEO | 11/25/20 | Martha Rodriguez | 50,794.00 | 04/15/21 | John Lenormand | - |
| 27.8 | 175 FARMINGTON | 11/18/20 | Debra John | 23,700.00 | 04/15/21 | John Lenormand | - |
| 27.9 | 190 LUBBOCK LOOP-28 | 05/07/21 | Lupe Cavarrubio | 25,248.00 | 04/15/21 | John Lenormand | 36,168.00 |
| 27.10 | 204 MCALLEN | 12/02/20 | Raul Ramirez | 18,677.00 | 04/15/21 | John Lenormand | - |
| 27.11 | 234 DALLAS | 12/26/20 | Julio Rascon | 24,854.00 | 04/15/21 | John Lenormand | - |
| 27.12 | 302 SULPHUR SPRINGS | 12/02/20 | Ernesto Solis | 10,720.00 | 04/15/21 | John Lenormand | - |
| 27.13 | 311 MOORE | 03/25/20 | Val Hernandez | 27,114.00 | 04/15/21 | John Lenormand | - |
| 27.14 | 312 FT. SMITH | 03/25/20 | Mike Williams | 25,855.00 | 04/15/21 | John Lenormand | - |
| 27.15 | 313 ARLINGTON | 01/27/21 | Noe Avila | 57,252.00 | 04/15/21 | John Lenormand | - |
| 27.16 | 500 EL PASO | 03/25/20 | Jose Serrano | 41,223.00 | 04/15/21 | John Lenormand | - |
| 27.17 | 191 FT. WORTH | 03/20/19 | Gary Williams | 4,674.00 | 04/15/21 | John Lenormand | - |
| 27.18 | 176 PLAINVIEW | 04/10/19 | Florastella Gonzales | 14,384.00 | 04/15/21 | John Lenormand | - |
| 27.19 | 319 PLANO | 08/28/19 | Steve Carlin | 8,695.00 | 04/15/21 | John Lenormand | - |
| 27.20 | 318 SAN ANTONIO | 04/10/19 | Hassan Mahmoudi | 30,349.00 | 04/15/21 | John Lenormand | - |
| 27.21 | 235 LUBBOCK-SLIDE RD | 08/28/19 | Raymond Martinez | 16,283.00 | 04/15/21 | John Lenormand | - |
| 27.22 | 115 ALBUQUERQUE-W' | 07/08/20 | Rudy Orozco | 47,947.00 | 04/15/21 | John Lenormand | - |

**Fresh Acquisitions, LLC**                                                                    **Case Number:**    **21-30721 (SGJ)**

| Part 13: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other
people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position | Nature of Interest | % of Interest, if any |
|---|---|---|---|---|---|
| 28.1 | Jason Kemp | 2338 N. Loop 1604 W. Ste 350<br>San Antonio, TX  78248 | Board Member | | |
| 28.2 | Larry Harris | 2338 N. Loop 1604 W. Ste 350<br>San Antonio, TX  78248 | Board Member | | |
| 28.3 | Allen Jones | 2338 N. Loop 1604 W. Ste 350<br>San Antonio, TX  78248 | Board Member | | |
| 28.4 | Brian Padilla | 2338 N. Loop 1604 W. Ste 350<br>San Antonio, TX  78248 | Board Member | | |
| 28.5 | Vin Batra | 10 Brayton Road<br>Livingston, NJ  07039 | Board Member | | |
| 28.6 | Martin Cortes | 2338 N. Loop 1604 W. Ste 350<br>San Antonio, TX  78248 | CFO and Secretary | | |
| 28.7 | Mark Shapiro | 3500 Maple Ave, Suite 420<br>Dallas, TX  75219 | CRO | | |
| 28.8 | Danial Lentes | 2338 N. Loop 1604 W. Ste 350<br>San Antonio, TX  78248 | Chief Operating Officer | | |