

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 16, 2021**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

In re:

| | | |
|---|---|---|
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § | Case No. 21-30721 (SGJ) |
| | § | |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS AND (II) CONFIRMING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

---

[1] The Debtors in these Chapter 11 cases ("**Debtors**") and the last four digits of each Debtor's Taxpayer Identification Number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at: 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

This matter came before the Court on December 10, 2021 for hearing (the "**Confirmation Hearing**") on confirmation of the *Official Committee of Unsecured Creditors' First Amended Joint Chapter 11 Plan of Liquidation* (the "**Plan**") [Doc No. 498] filed by the Official Committee of Unsecured Creditors (the "**Committee**") on October 30, 2021. The Committee is the Plan Proponent of the Plan.[2]

Based on the *Declaration of David Gonzales in Support of Confirmation of the Committee's First Amended Joint Chapter 11 Plan of Liquidation* (the "**Gonzales Declaration**") [Doc No. 576], additional evidence and argument presented at the Confirmation Hearing, together with the entire record compiled in the Cases, and good cause appearing, the Court hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**1**.   **Findings and Conclusions**

The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rules 7052 and 9014.  To the extent that any provision designated herein as a finding of fact should be characterized as a conclusion of law, it is adopted as such. To the extent that any provision designated herein as a conclusion of law should be characterized as a finding of fact, it is adopted as such.

**2.**   **Commencement of the Cases**

On the Petition Date, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. In accordance with the *Order Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Doc No. 53], the Cases have been consolidated for procedural purposes and are being jointly administered pursuant to

---

[2] Capitalized terms not otherwise defined herein are those set forth in the Plan.

Bankruptcy Rule 1015.  Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Cases.

**3.     Jurisdiction and Venue**

This Court has jurisdiction over the Cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**4.     Judicial Notice**

The Court takes judicial notice of the docket of the Cases maintained by the Clerk of the Court and by the claims and noticing agent, BMC Group, Inc. ("**BMC Group**"), including all pleadings and other documents filed, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the court during the pendency of the Cases.

**5.     Appointment of the Committee**

On April 30, 2021, the UST appointed the members of the Committee, consisting of Tim Chung of Westwood Financial for WFC Wyoming NM, LLC; Larry G. Lee of LEECO Energy and Investments, Inc.; Sara Lamb of Upper Lakes Food, Inc.; and Tyerell Mack, an individual [Doc No. 94].

**6.     Plan Supplement**

On December 7, 2021, the Committee filed the *Notice of Filing Plan Supplement* [Doc No. 566] consisting of revisions to Exhibit F to the Disclosure Statement as contemplated by the terms of the Plan and the Disclosure Statement. The Plan Supplement is an integral part of the Plan and is incorporated in the Plan by reference. No further notice of the Plan Supplement is required.

**7.**     **Modifications to the Plan**

This Confirmation Order contains modifications to the Plan ("**Modifications**") that were made to address certain objections and informal comments received from parties in interest. The Modifications are consistent with the provisions of the Bankruptcy Code and do not materially and adversely affect or change the treatment of any Creditor or Interest Holder. The disclosure of any Plan Modifications prior to or on the record at the Confirmation Hearing constitutes due and sufficient notice of any and all Plan Modifications.  Further notice or re-solicitation is not required. All holders of Claims and Interests that have accepted the Plan are deemed to have accepted the Modifications. The Plan, as modified by the Modifications and this Confirmation Order, shall constitute the Plan submitted for Confirmation.

a.     The Plan is modified to include the following provision regarding the claims and releases relating to Arizona Bank & Trust ("**ABT**"):

*On the Effective Date, in addition to the releases granted or provided to Arizona Bank & Trust ("**ABT**") by virtue of the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief  (the "**Final Order**") [Doc No. 157] and the releases granted or provided by ABT to the Debtors, their Estates, and certain of their assets as set forth in the Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens and Liabilities, (B) Authorizing the Debtors to Assume and Assign Executory Contracts and Unexpired Leases in Connection with the Sale, and (C) Granting Related Relief [Doc No. 474]:*

*(1)     ABT will be deemed to have withdrawn any claims that ABT has filed in the Cases and to have released voluntarily, knowingly, unconditionally, and irrevocably hereby fully the Debtors, the Debtors' Estates, the Liquidating Trust (along with each of their respective agents, affiliates, all past and present officers, directors, employees, servants,  managers, members, partners, personal representatives, predecessors, shareholder, attorneys, successors, and assigns), and all assets of the Debtors for, from, and against any and all claims, liens, demands, causes of action, controversies, offsets, obligations,*

*losses, damages and liabilities of every kind and character whatsoever, at law or in equity, whether now known or unknown, and whether contingent or matured, liquidated or unliquidated, vested or contingent, choate or inchoate, including, without limitation, any action, omission, misrepresentation or other basis of liability founded either in tort or contract and the duties arising thereunder including, without limitation, those rights and claims arising under or in connection with the Loans and the Loan Documents (each as defined in the Final Order), any obligations related to any Small Business Administration loans, any obligations related to the Paycheck Protection Program, loans granted or made pursuant to the Coronavirus Aid, Relief, and Economic Security Act, and any credit card obligations (collectively, the "**ABT Claims**").*

*(2)      The Debtors, Debtors' Estates and the Liquidating Trust will be deemed to have voluntarily, knowingly, unconditionally, and irrevocably hereby fully released any and all claims against ABT, the parents of ABT, their respective agents, affiliates, all past and present officers, directors, employees, servants, managers, members, partners, personal representatives, predecessors, shareholders, attorneys, successors and assigns (collectively the "**ABT Released Parties**") for, from and against any and all claims, liens, demands, causes of action, controversies, offsets, obligations, losses, damages and liabilities of every kind and character whatsoever, at law or in equity, whether now known or unknown, and whether contingent or matured, liquidated or unliquidated, vested or contingent, choate or inchoate, including, without limitation, any action, omission, misrepresentation or other basis of liability founded either in tort or contract and the duties arising thereunder including, without limitation, those rights and claims arising under or in connection with the Loans, the Loan Documents, and/or the ABT Claims, other than with respect to willful misconduct or gross negligence by any of the ABT Released Parties.*

*(3)      Nothing in the Plan, the Confirmation Order, or in the foregoing paragraphs shall be construed as releasing any claims or causes of action of any kind or nature against any co-obligor of the Debtors including, but not limited to Alamo Dynamic, LLC, Alamo Furr's, LLC, Alamo Furr's II, LLC, Allen Jones, Larry Harris, Rachel Harris, Jason Kemp, Tara Kemp, Brian Padilla, or any of the Insiders or Affiliates of the Debtors.*

*(4)      The Plan shall not prejudice any rights or remedies of ABT as regarding co-obligors of the Debtors.  Except as provided herein, ABT reserves, without*

**Plan Confirmation Order**                                                                                                  pg. 5

*limitation, all of its rights against any indemnitor, guarantor, or co-obligor of the Debtors, guarantor, and/or third parties.*

*(5)      Except as expressly set forth herein, ABT's loan documents with co-obligors of the Debtors, guarantors, and third-parties shall each remain unaffected and unmodified by the Plan and Confirmation Order and all such loan documents shall remain in full force and effect. Except as expressly set forth herein, nothing contained herein shall be deemed a waiver of any of the rights and remedies that ABT may have against any co-obligor or guarantor or of any of ABT's rights and remedies arising out of the loan documents.*

b.      Plan provision Article VII.D <u>Amendment of Claims</u> is modified to read as follows:

*After the Effective Date, a Claim may be amended to decrease, but not to increase, the amount thereof.  Notwithstanding the foregoing, a Governmental Entity may amend its Proof of Claim and/or Administrative Claim to increase or decrease the amount and/or include a tax period(s), whether or not previously listed on a proof of Claim and/or Administrative Claim following the filing of a tax return(s) for said tax period(s), and such amendment shall be treated as a timely-filed claim.  Further, a Governmental Entity is not barred from filing a Proof of Claim and/or Administrative Claim after any applicable bar dates or the Effective Date if it is determined by the Governmental Entity that a tax return was required to be filed, but was not filed, and said Proof of Claim and/or Administrative Claim shall be deemed timely filed.*

c.      Plan provision Article IX.H <u>Setoff and Recoupment</u> is modified to add:

*Notwithstanding anything to the contrary in the Plan or this Confirmation Order, nothing in the Plan or this Confirmation Order shall discharge, release, impair, enjoin, or otherwise preclude any holder of a Claim or any current or former party to an executory contract or unexpired lease to assert any right of setoff, subrogation, or recoupment that such holder or party may have under applicable law.*
*Notwithstanding anything to the contrary in the Plan or this Confirmation Order, nothing shall modify the rights, if any, of the Debtors, the Liquidating Trustee, or any Creditor, Interest Holder or party-in-interest, to assert any right of setoff or recoupment that such party may have under applicable bankruptcy or non-bankruptcy law.*

d.      The Plan is modified to provide that

*Notwithstanding anything to the contrary in the Plan, pursuant to Section 1141(d)(3), the Debtors shall not be granted a discharge.*

e.      Plan provision Article IV B. <u>Appointment of Liquidating Trustee</u> is modified to add:

*In the event that the Liquidating Trustee resigns or is duly removed, or in the event of the death of the Liquidating Trustee or other occurrence rendering the Liquidating Trustee incapacitated or unavailable for an extended period of sixty (60) consecutive days, the Liquidating Trust Beneficiaries shall designate a successor trustee by a 75 percent (75%) vote, voting in accordance with their Pro Rata share of Allowed Claims. Notice of the appointment of a successor Liquidating Trustee shall be filed with the Bankruptcy Court promptly following such appointment.*

f.      The Plan is modified to add the following provision:

*In accordance with Internal Revenue Code (26 U.S.C.) Section 6001 and the regulations thereunder, the Liquidating Trustee will retain all books and records used in the preparation of any tax return filed with the Internal Revenue Service for the requisite period of time set forth in the regulations.*

## 8.      Adequacy of Disclosure Statement

The Committee filed its *First Amended Disclosure Statement in Support of Official Committee of Unsecured Creditors' First Amended Joint Chapter 11 Plan of Liquidation* ("**Disclosure Statement**") on October 30, 2021 [Doc No. 499, corrected at 502]. The Court approved the Disclosure Statement by its *Order Approving Disclosure Statement and Scheduling Confirmation Hearing and Related Deadlines* entered November 2, 2021 (the "**Disclosure Order**") [Doc. 503]. In the Disclosure Order, the Court set the Confirmation Hearing and established December 6, 2021 as the deadline for submitting ballots accepting or rejecting the Plan (the "**Ballot Deadline**") and for filing objections to the Plan.

The Disclosure Statement contains "adequate information" as defined in Bankruptcy Code Section 1125. The sole objection to the Disclosure Statement filed by the IRS was resolved in the Disclosure Order. Any further objections are overruled.

**9.    Notice**

On November 16, 2021, BMC Group served a copy of the Plan, Disclosure Statement, Disclosure Order, and a Ballot (if appropriate) (the "**Confirmation Package**") on the parties listed in the Certificate Service filed at Doc No. 525. Such notice was in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**") and was adequate and sufficient under the circumstances of these Cases. No other or further notice is or shall be required.

**10.    Exculpations**

The exculpation set forth in Article IX.E of the Plan is an essential and integral provision of the Plan, and is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good-faith, arm's-length negotiations with key constituents, and is appropriately limited in scope. Each of the exculpation provisions set forth in the Plan, as approved, modified or limited, and as ordered and decreed by this Confirmation Order: (a) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§1334(a), 1334(b), and 1334(d); (b) are essential to the implementation of the Plan; (c) are an integrated and dependent elements of the settlement and transactions incorporated into and contemplated by the Plan; (d) confer material benefits on, and are in the best interests of, the Debtors and their Estates; (e) are consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code; and (f) do not violate and are not intended to violate section 524(e) or applicable Fifth Circuit authority including, but not limited to Bank of N.Y. Trust Co. v. Off'l Unsecured Creditors' Comm. (In re Pacific Lumber Co.), 584 F.3d 229 (5th Cir. 2009), by releasing or granting a discharge of non-debtor third party claims that may

be asserted against non-debtor third parties; and (g) do not violate and are not intended to violate any professional ethical obligation of any Exculpated Party. For the avoidance of doubt, any exculpation granted under the Plan shall not be used in support of a final fee application or as a defense to any objection to a final fee application.

**11.  Solicitation**

The Committee solicited votes for acceptance and rejection of the Plan in good faith and in compliance with Bankruptcy Code Sections 1125 and 1126 and all other applicable sections of the Bankruptcy Code, Bankruptcy Rules 3017, 3018, and 3019, the Disclosure Order, the Local Rules, and all other applicable rules, laws, and regulations.

**12.  Ballot Report**

The Plan provides for four (4) classes of Claims and Interests. Class 1 is not Impaired, is deemed to have accepted the Plan, and was not solicited for voting. Classes 2 and 3 are Impaired and were solicited for voting. Class 4 is Impaired, but is deemed to have rejected the Plan and was not solicited for voting.

On December 9, 2021, the Committee filed a *Ballot Report and Request to Deem Ballots Timely Submitted* (the "**Ballot Report**") [Doc No. 574], the content of which is approved and incorporated herein by reference. The Ballot Report reflects that no ballots were received for Classes 1, 3 or 4. For Class 2, 113 ballots were received:

106 (94%), $39,231,043 (99%) voted to accept the Plan

7 (6%), $8,213.00 (less than 1%) voted to reject the Plan

Good cause exists to allow the Late Ballots described in the Ballot Report to be counted. Class 2 is an accepting Class.

The procedure by which ballots were received and tabulated was fair, properly conducted, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement, and the Disclosure Order.

13. **Burden of Proof**

The Committee as the Plan Proponent has satisfied its burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for confirmation. Each witness who testified on behalf of the Committee in connection with confirmation was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

14. **Substantive Consolidation**

Article VI of the Plan provides for the substantive consolidation of the Debtors' Estates into a single Estate for purposes of the Plan and the Distributions thereunder. The Committee has standing to request substantive consolidation in this Plan. Substantive consolidation is warranted because it is clear that while the Debtors in form had separate operating entities, in substance they historically operated on a consolidated basis. All Debtors as well as many non-debtor Affiliates generally have the same officers, managers, and directors. Cash and other assets were regularly commingled between and among the Debtors and their non-debtor Affiliates. Additionally, the Debtors were managed by the same insider owned management companies, shared general accounting services, shared software systems and risk management services. Numerous Creditors filed duplicative claims in several of the Debtor entity cases thus indicating they viewed the Debtors as a single entity. It appears that unsecured creditors viewed the Debtors as a single entity when extending credit terms, as such negotiations and agreements customarily provided for services to be rendered to multiple restaurant brands and locations owned by various Debtors, and the Debtors capitalized upon the scale and operations of the entirety of the Debtors' business operations to negotiate such agreements and maximize value. Further, all accounts payable functions were performed from one centralized location, by the same administrative staff working on behalf of all Debtors, and virtually all debts were centralized and paid by one of the Debtor entities.

Determining the sources of the Debtors' pre-petition assets and liabilities on a per-entity basis would involve the nearly impossible task of reviewing and categorizing records of thousands of individual transactions to trace such transactions back to the proper entity. Given the amount and nature of the remaining Assets held by various of the Debtors, and the expense of generating separate plans of reorganization for each of the Debtors, the overall effect of substantive consolidation will be more beneficial than harmful to Creditors and will allow for greater efficiencies and simplification in administering the Plan. Substantive consolidation of the Debtors' Estates under the terms of the Plan will not adversely impact the treatment of any of the Creditors, but rather will reduce administrative expenses by automatically eliminating duplicative claims asserted against more than one of the Debtors, decreasing the administrative difficulties and costs related to the administration of separate Debtors' estates separately, as well as eliminating the need to determine professional fees on a case-by-case basis and streamlining the administration of the Plan.

**15.   Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

**a.    Section 1129(a)(1)**

The Plan complies with all applicable provisions of the Bankruptcy Code thereby satisfying Section 1129(a)(1). The omission or exclusion of a specific finding herein does not constitute a finding that the Committee has not complied with any and all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

**i.    Proper classification under Sections 1122 and 1123(a)(1)**

In addition to Administrative Claims and Priority Tax Claims, which are not required to be classified under Bankruptcy Code Section 1123(a)(1), Article III of the Plan designates four (4) Classes of Claims and Interests.  The Claims and Interests placed in each Class are substantially similar, and such classification is therefore consistent with Section 1122.  Valid business, factual, and legal reasons exist for separately classifying the Claims and Interests, and such classifications were not implemented for any improper purpose and

do not unfairly discriminated between or among Holders of such Claims and Interests. Therefore, the Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

### ii.   Specification of Impaired and Unimpaired Classes under Sections 1123(a)(2) and (a)(3)

Article III of the Plan specifically designates whether a Class of Claims or Interests is Impaired or Unimpaired thereby satisfying Bankruptcy Code Sections 1123(a)(2) and (a)(3).

### iii.   No Discrimination under Section 1123(a)(4)

The Plan either provides the same treatment for each Claim or Interest in a particular Class unless the Holder of a Claim or Interest has agreed to less favorable treatment thereby satisfying Bankruptcy Code Section 1123(a)(4).

### iv.   Implementation of the Plan under Section 1123(a)(5)

Article IV of the Plan provides adequate and proper means for implementing the Plan, including the creation of the Liquidating Trust, the appointment of the Liquidating Trustee, and the vesting of the Assets, including the Causes of Action, in the Liquidating Trust.  The Liquidating Trustee will be authorized to pursue any and all Causes of Action. Therefore, Bankruptcy Code Section 1123(a)(5) has been satisfied.

### v.   Non-Voting Equity Securities under Section 1123(a)(6)

The Plan is a liquidating plan.  Article III.B.4 provides that Equity Interests are cancelled.  Section 1123(a)(6) is inapplicable.

### vi.   Directors, Officers and Managers under Section 1123(a)(7)

The Plan provides for the appointment of the Liquidating Trustee on the Effective Date to, in part, liquidate the Debtors' remaining assets, including the Causes of Action, and make distribution to creditors.  The Court finds that the appointment of the Liquidating Trustee is consistent with the interests of Holders of Claims or Interests. Therefore, Bankruptcy Section 1123(a)(7) is satisfied.

**vii.    Additional Plan Provisions under Section 1123(b)**

The Plan's provisions are appropriate and are not inconsistent with the applicable provisions of the Bankruptcy Code.

**b.    Section 1129(a)(2)**

The Committee as Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2).

**c.    Section 1129(a)(3)**

The Committee has proposed the Plan in good faith and not by any means forbidden by law. The Court has considered the evidence presented at the Confirmation Hearing, the record in the Cases, and the totality of the circumstances surrounding the formulation of the Plan and finds and concludes that the Plan has been proposed with the legitimate and honest purpose of liquidating the Debtors' Assets and pursuing the Causes of Action in a manner to maximize the recovery to Creditors and Interest Holders in accordance with the priorities set forth in the Bankruptcy Code. Therefore, Bankruptcy Code Section 1129(a)(3) has been satisfied.

**d.    Section 1129(a)(4)**

Any payments to be made for services or for costs and expenses in connection with the Cases have been approved by, or are subject to the approval of the Court as reasonable, thereby satisfying Bankruptcy Code Section 1129(a)(4).

**e.    Section 1129(a)(5)**

The Plan, Disclosure Statement, and Liquidating Trust Agreement describe the appointment of the Liquidating Trustee. The Plan does not propose the retention or employment of an insider of the Debtors. Therefore, Bankruptcy Code Section 1129(a)(5) has been satisfied.

**f.    Section 1129(a)(6)**

The Plan does not provide for any rate changes subject to the jurisdiction of any governmental regulatory commission, and therefore, Bankruptcy Code Section 1129(a)(6) is inapplicable.

**g.    Section 1129(a)(7)**

The evidence presented at the Confirmation Hearing demonstrates that the "best interest" test embodied in Bankruptcy Code Section 1129(a)(7) has been satisfied. A liquidation under Chapter 7 would adversely affect the ultimate proceeds available for distributions to Creditors and Interest Holders due principally (i) to increased costs, including administrative fees and costs payable to the Chapter 7 trustee and professional advisors of the trustee, and (ii) the loss of value due to delay and expense inherent in the appointment of the Chapter 7 trustee. Each holder of a Claim or Interest in the Debtors has accepted the Plan or is deemed to have accepted the Plan or, in any event, will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date of the Plan. Therefore, Bankruptcy Code Section 1129(a)(7) has been satisfied.

**h.    Section 1129(a)(8)**

Class 1 is not Impaired and is deemed to have accepted the Plan. Class 2 voted to accept the Plan. Class 3 voted to reject the Plan. Class 4 is Impaired and is deemed to have rejected the Plan.

**i.    Section 1129(a)(9)**

Consistent with Bankruptcy Code Section 1129(a)(9)(a), Article III of the Plan provides that unless previously approved and paid, Allowed Administrative Claims will be paid, in full satisfaction of the Claim: (i) by one cash payment in the Allowed amount of the Claim on the Effective Date or as soon thereafter as possible or after the claim is Allowed if subject to

Court approval; (ii) in the ordinary course of business as the Claim matures; or (iii) upon other less favorable terms as may be agreed upon by the Holder of the Claim or as ordered by the Bankruptcy Court.

Article III of the Plan complies with Bankruptcy Code Section 1129(a)(9)(C) because it provides, among other things, that each Holder of an Allowed Priority Tax Claim shall be treated and paid in full in accordance with the terms set forth in Bankruptcy Code Section 1129(a)(9)(C), except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a less favorable treatment or alternative treatment is ordered by the Bankruptcy Court,. Specifically, each Holder of an Allowed Priority Tax Claim will be paid in equal annual installments for four (4) years with a balloon payment on or before the fifth (5th) anniversary of the Petition Date. Interest will accrue on each Allowed Priority Tax Claim at the statutory rate applicable in the Holder's jurisdiction. If there is no applicable statutory rate, then the rate will be established at six percent (6%) per annum.

The treatment in Article III.B.1 of the Plan for holders of Allowed Priority Wage Claims satisfies the requirements of Bankruptcy Code Section 1129(a)(9)(B).

### j.      Section 1129(a)(10)

At least one Class of Claims that is Impaired under the Plan has accepted the Plan, thereby satisfying Bankruptcy Code Section 1129(a)(10).

### k.      Section 1129(a)(11)

The Plan is a liquidating plan, the funding of which is dependent upon the successful liquidation of the Liquidating Trust Assets and prosecution of the Causes of Action. Consequently, the feasibility requirement of Bankruptcy Code Section 1129(a)(11) has been satisfied. The projections attached as Exhibit D to the Disclosure Statement and additional evidence presented at the Confirmation Hearing are reasonable, persuasive, credible, and appropriate, utilize reasonable and appropriate methodologies and assumptions, have not

been controverted by other evidence, and establish that the Plan is feasible and that there will be sufficient funds available to meet the obligations required by the Plan.

### l.      Section 1129(a)(12)

All fees payable under 28 U.S.C. § 1930 have been paid, and the Plan provides for the payment of any unpaid fees as they become due. Therefore, Bankruptcy Code Section 1129(a)(12) has been satisfied.

### m.      Sections 1129(a)(13), (14),(15), and (16)

Bankruptcy Code Sections 1129(a)(13),(14),(15),and(16) regarding respectively retiree benefits, domestic support obligations, individuals, and nonprofit corporations are not applicable.

### n.      Section 1129(b)

Class 3 voted to reject the Plan and Class 4 is deemed to have rejected the Plan. Nevertheless, the Plan may be confirmed pursuant to Bankruptcy Code Section 1129(b)(1) because (i) Class 2 voted to accept the Plan; (ii) the Plan does not discriminate unfairly and is fair and equitable with respect the Claims and Interests in the rejecting Classes; (iii) the Plan has been proposed in good faith and is reasonable; and (iv) no Holder of any Claim or Interest that is junior to each such Class will receive or retain any property under the Plan on account of such junior Claim or Interest and (v) no Holder of a Claim or Interest in a Class senior to such Class is receiving more than 100 percent on account of its Claims. Therefore, Bankruptcy Code Section 1129(b) has been satisfied.

### o.      Section 1129(c)

The Plan is the only plan filed in the Cases, and therefore, Bankruptcy Code Section 1129(c) has been satisfied.

### p.      Section 1129(d)

No party in interest has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of

the application of section 5 of the Securities Act.  As evidenced by its terms, the principal purpose of the Plan is not for such avoidance. Therefore, Bankruptcy Code Section 1129(d) has been satisfied.

**16.    Satisfaction of Confirmation Requirements**

Based on the foregoing and the evidence presented at or prior to the Confirmation Hearing, the Committee and the Plan satisfy the requirements of confirmation as set forth in Bankruptcy Code Section 1129.

**17.    Implementation of the Plan**

Article IV of the Plan provides the means for implementing the Plan. These provisions are consistent with the interests of Creditors, Interest Holders, and public policy.

**18      Vesting of Assets and Preservation of Causes of Action**

Article IX of the Plan appropriately provides for the vesting of the Liquidating Trust Assets in the Liquidating Trust pursuant to Sections 1141(b) and (c) of the Bankruptcy Code. The Plan appropriately provides for the preservation of the Causes of Action in accordance with Bankruptcy Code Section 1123(b)(3)(B). The Plan further provides that the Causes of Action shall vest in the Liquidating Trust on the Effective Date and that the Causes of Action are specifically and unequivocally reserved for the prosecution, enforcement, and pursuit by the Liquidating Trustee. The provisions of the Plan regarding vesting of Assets and the preservation and pursuit of Causes of Action as set forth in Article IX of the Plan, Section XIII of the Disclosure Statement, and Exhibit F to the Disclosure Statement as modified in the Plan Supplement provide meaningful and adequate notice and disclosure with respect to the potential Causes of Action retained and preserved.  Such provisions are appropriate and in the best interests of the Estates and Holders of Claims and Interests.

**19.    Objections**

All objections to confirmation of the Plan are withdrawn, settled, or overruled with prejudice.

**Plan Confirmation Order**                                                                                          pg. 17

**BASED ON THE FOREGOING, NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

A.      The Disclosure Statement is **APPROVED** on a final basis as containing adequate information within the meaning of Bankruptcy Code Section 1125. The Ballot Report is **APPROVED**.

B.      The Plan, which consists of the Plan, the Plan Supplement, and the Modifications set forth in this Confirmation Order or on the record at the Confirmation Hearing, is made a part of this Confirmation Order and is **APPROVED** and **CONFIRMED** under Bankruptcy Code Section 1129 in its entirety.

C.      The Liquidating Trust Agreement attached to the Disclosure Statement as Exhibit C and admitted into evidence at the Confirmation Hearing is **APPROVED**. David Gonzales is approved as the initial Liquidating Trustee, as of the Effective Date.  The Liquidating Trustee is authorized to implement the Plan and the Liquidating Trust Agreement on the Effective Date.

D.      The Modifications to the Plan made by this Confirmation Order are **APPROVED**.  Such Modifications do not materially and adversely affect or change the treatment of any creditor who has not accepted such Modification.  Accordingly, pursuant to Bankruptcy Rule 3019, such Modifications do not require additional disclosure under Section 1125 of the Bankruptcy Code, or re-solicitation of acceptances or rejections under Section 1126, nor do they require that Holders of Claims or Interests not accepting such Modifications be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the Modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of the Cases.

E.      The Plan, the Plan Supplement and all exhibits thereto, and this Confirmation Order shall be effective and binding as of the Effective Date on the Debtors, all Creditors,

Interest Holders, and parties in interest whether or not a Claim or Interest is Impaired and whether the Holder of a Claim or Interest accepted or rejected the Plan.

F.      On the Effective Date, the Debtors' Estates shall be substantively consolidated and consequently (1) all assets and liabilities of the substantively consolidated Debtors will be deemed to be merged for purposes of the Plan and Distributions to be made thereunder, (2) the obligations of each of the Debtors will be deemed to be the obligation of the substantively consolidated Debtors for purposes of the Plan and Distributions thereunder, (3) any Claims filed or to be filed in connection with any such obligations will be deemed Claims against the substantively consolidated Debtors, (4) each Claim filed in the Chapter 11 Case of any of the Debtors will be deemed filed against the Debtors in the consolidated Chapter 11 Cases in accordance with the substantive consolidation of the assets and liabilities of the Debtors, (5) all Claims between and among the respective Debtors will be extinguished, (6) all transfers, disbursements, and distributions made by any of the Debtors will be deemed to be made by the substantively consolidated Debtors, and (7) all guarantees of the Debtors of the obligations of any other Debtors shall be deemed eliminated so that any Claim against any of the Debtors and any guarantee thereof executed by any other Debtor and any joint or several liability of any of the Debtors shall be deemed to be one obligation of the substantively consolidated Debtors. Holders of Allowed Claims in each Class shall be entitled to their share of assets available for distribution to such Class without regard to which of the Debtors was originally liable for such Claim.

G.      On the Effective Date, the Liquidating Trust Assets shall vest in the Liquidating Trust, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as otherwise expressly provided in the Plan or this Confirmation Order. The Liquidating Trustee, on behalf of the Liquidating Trust, shall succeed to and have all power, authority, rights, privileges, and immunities previously held or asserted by the Debtors and their officers, managers, directors, members, and shareholders.

**Plan Confirmation Order**                                                                                pg. 19

**H.** Immediately after the Effective Date, the Debtors shall transfer all of their books, files, and records to the Liquidating Trustee and shall cause all of their Insiders, Affiliates, and their agents and representatives to transfer all of their books, files, and records related to the Debtors to the Liquidating Trustee, including in all instances any and all attorney-client privileged and work-product documents, correspondence, and communications, whether in electronic or hard copy form.

**I.** Subject to paragraph K below, the record in the Chapter 11 Cases fully supports approval of the Exculpation and provisions set forth in Article IX.E of the Plan. Such provisions are appropriately tailored to protect the Exculpated Parties from unnecessary litigation and contain appropriate carve outs for gross negligence, actual fraud, and willful misconduct. This Court shall retain jurisdiction, to the extent applicable, over any suit brought on any claim or cause of action related to the Chapter 11 Cases that exists as of the Effective Date against any Exculpated Party for conduct pertaining to Debtors and these Chapter 11 Cases, and that any entity wishing to bring such suit may do so in this Court.

**J.** In accordance with Article IX of the Plan, all Causes of Action shall vest in the Liquidating Trust and are specifically and unequivocally preserved. In accordance with section 1123(b) of the Bankruptcy Code, the Liquidating Trustee shall retain and may enforce all of the Debtors' rights to commence and pursue any and all Causes of Action, whether arising before or after the Petition Date, including, without limitation, any actions specifically enumerated in the Disclosure Statement or any Plan Supplement, and the Liquidating Trustee's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtors pursuant to the releases and exculpations contained in the Plan, which shall be deemed released and waived by the Debtors and Liquidating Trustee as of the Effective Date. The Liquidating Trust through its Liquidating Trustee shall have standing to bring and maintain any and all Causes of Action and to hire other professionals for same

as deemed necessary and appropriate. At the present time, the potential defendants for the Causes of Action have been identified on Exhibit F to the Disclosure Statement, which is incorporated herein. THIS LIST IS NOT MEANT TO BE EXCLUSIVE AND ADDITIONAL POTENTIAL DEFENDANTS MAY BE ADDED AS DISCOVERY BY THE LIQUIDATING TRUSTEE ENSUES.

Causes of Action against the (1) Debtors' Affiliates, Insiders, and Interest Holders; (2) current and past officers, directors, managers, members, shareholders, accountants, attorneys, advisors, lenders, employees, agents, and consultants of and to the Debtors, their Affiliates, Insiders and Interest Holders (except for any of the foregoing that is an Exculpated Party that receives the benefit of exculpation under Article IX E of the Plan); and (3) other parties identified in discovery by the Liquidating Trustee shall include but are not limited to actions for breach of fiduciary duty, actual fraud, constructive fraud, misrepresentation, conversion, gross mismanagement, self-dealing, breaches and violations related to corporate governance and securities laws, negligence, gross negligence, willful and malicious injury, aiding and abetting, breach of contract, breach of covenant of good faith and fair dealing, alter ego, and the Avoidance Actions. All such Causes of Action are specifically preserved.

Avoidance Actions against the potential defendants described in the previous paragraph, Creditors, and other unrelated third parties who received a transfer (as defined in Section 101(54) of the Bankruptcy Code) that may be avoidable under Bankruptcy Code Sections 544, 547, 548, 549, 550 and 553 are specifically preserved.     Investigations of the Causes of Action are ongoing.  Accordingly, NO PERSON (other than an Exculpated Party) MAY RELY ON THE FACT THAT THE PLAN AND DISCLOSURE STATEMENT DO NOT IDENTIFY A PARTICULAR PERSON OR CAUSE OF ACTION.

Nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any rights or Causes of Action that the Liquidating Trust may

have or choose to assert under any provision of the Bankruptcy Code or any applicable non-bankruptcy law.

The potential Causes of Action described in this Section and in Section XIII of the Disclosure Statement are specifically preserved; however, they are not exclusive.  Further, such descriptions are not intended to be a demand on any of the potential defendants of such Causes of Action and are not an indication of whether a meritorious Cause of Action exists. The descriptions are also not intended to limit claims or Causes of Action which may be asserted against any potential defendant.

The Committee expressly, specifically, and unequivocally reserves all rights, claims, and interests in all Causes of Action.  Any potential defendant who is also a Creditor in these Cases should assume that a Cause of Action may be pursued against them by the Liquidating Trustee.   Unless any Cause of Action is specifically waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order of the Bankruptcy Court, all Causes of Action are expressly reserved for later adjudication, and therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the confirmation or consummation of the Plan.

Any and all claims, defenses or counterclaims that have been asserted in any lawsuit pending as of the Confirmation Hearing, including any lawsuits or proceedings in which any of the Debtors assert affirmative claims against any Creditor or other third party, are preserved with all such claims, defenses or counterclaims being assigned to the Liquidating Trustee.

The Liquidating Trust and the Liquidating Trustee shall be deemed to have and be vested with the full authority and standing to continue, institute, prosecute, and defend such objections, matters, claims, actions, or Causes of Action which may or could have been commenced prior to the Effective Date or identified or brought subsequent thereto.

**K**.      Nothing in the Plan or the Confirmation Order shall effect a release of any claim by the United States Government or any of its agencies or any state or local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States, or any state or local authority against any party or person, nor shall anything in the Plan or the Confirmation Order enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against any party or persons for any liability of such persons whatsoever, including, without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority against such persons, nor shall anything in the Plan or the Confirmation Order exculpate any party or person from any liability to the United States Government or any of its agencies or any state or local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States, or any state or local authority against any party or person, provided, however, that should a suit concerning or related to this Bankruptcy Case be brought in another court against an Exculpated Party, nothing herein shall limit the ability of the Liquidating Trustee or such Exculpated Party, pursuant to 28 U.S.C. § 1452, to remove such suit to the proper federal court and seek its transfer to this Court, or to seek such other relief as may be appropriate from this or another court.  Nothing in the preceding sentence shall: (1) prejudice the rights of any party to object to this Court's subject matter jurisdiction over any such suit; (2) provide an independent basis for federal jurisdiction over any such suit; and (3) provide an independent basis for the removal of any such suit to this Court or other federal court.

**L.**      Notwithstanding anything contrary in the Plan or this Order, nothing in the Plan or this Order shall be construed to confer jurisdiction upon the Bankruptcy Court or other federal court to determine the tax liabilities of non-debtors.

**Plan Confirmation Order**                                                                                           pg. 23

**M**.      On the Effective Date, the Committee shall be dissolved in accordance with Article IX.G of the Plan.

**N.**      To the extent not previously rejected or assumed, all executory contracts and leases are deemed rejected as of the Effective Date; provided, however, to the extent that any insurance policy in or under which any of the Debtors is an insured, a loss payee, additional insured, or a certificate holder is deemed, construed, or determined to be an executory contract, that insurance policy is assumed as of the Effective Date.

**O.**      All fees payable pursuant to Section 1930 of Title 28 of the United States Code shall be paid in accordance with the terms of the Plan.

**P.**      The Court shall retain jurisdiction over the Plan and proceedings and other matters arising in or relating to the Cases as set forth in Article VIII of the Plan.

**Q.**      The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect, and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect, and enforceability as if fully set forth in this Confirmation Order.

**R.**      To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

**S.**      This Confirmation Order shall be immediately effective and enforceable upon its entry and shall not be subject to any stay under Bankruptcy Rules 3020(e), 6004(g), or 6006(d), or otherwise.

**T.**      The Committee shall promptly mail notice of the entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f) and 3020(c).

# # # END OF ORDER # # #

SUBMITTED BY:

*/s/ Carolyn J. Johnsen*
Carolyn J. Johnsen
Texas Bar No. 19844600
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Telephone:  (602) 285-5000
Facsimile:   (844) 670-6009
cjjohnsen@dickinsonwright.com
*Counsel for the Official Committee of Unsecured Creditors*

APPROVED AND CONSENTED TO:

*/s/Patrick A. Clisham*
Patrick A. Clisham
Arizona State Bar #023154
Scott B. Cohen
Arizona State Bar # 014377
ENGELMAN BERGER, P.C.
2800 North Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 222-4968
Facsimile: (602) 222-4999
pac@eblawyers.com
sbc@eblawyers.com
*Attorneys for Arizona Bank & Trust*

4876-9920-0774 v1 [97257-1]